GEORGE A. HAMMEL *v.* MARY P. ATKINSON.

UNLAWFUL ENTRY AND DETAINER. *Landlord and tenant. Stranger entering during term. Code 1892, § 4461.*

    A landlord who has leased his land for a term and placed the tenant in possession cannot, during the term, maintain an action of unlawful entry and detainer, under Code 1892, § 4461, relating to that remedy, against a stranger who entered upon a part of the premises after the term began.

FROM the circuit court of Grenada county.

HON. WILLIAM F. STEVENS, Judge.

Hammel, appellant, was plaintiff, and Mrs. Atkinson, appellee, defendant in the court below. The action was unlawful

entry and detainer.    From a judgment in defendant's favor
the plaintiff appealed to the supreme court.    The facts are
stated in the opinion.


*W. C. McLean* and *B. C. Adams,* for appellant.

We call the court's attention especially to the fact that while
Hammel had rented the land in connection with other lands to
Clarty, yet the land in controversy was not in the actual occu-
pancy of Clarty.    The land was not cleared; none of it was
in cultivation, but on the other hand wild and unoccupied; in
other words, there was no actual disseizing — there was no
actual ouster by appellee of Clarty from the land.    Those
authorities which hold that the landlord cannot maintain in
his own name the action of forcible entry and unlawful detainer
are all based upon the fact that the tenant, and tenant alone,
was the party whose occupancy was forcibly invaded; in other
words, the authorities only go to the extent of holding that the
tenant is the proper party to bring the action when he has been
disposessed of his ocupancy.    No authority can be found
which holds that the landlord cannot maintain the action where
the lands are merely in the possession, as contradistinguished
from the occupation, of the tenant.    There is a vast difference
between possession and occupation.    The landlord, the true
owner of the land, in contemplation of law, is always in posses-
sion of his land, even though the land be leased and is in the
occupancy of his tenant, and the tenant is also in the possession
of lands which he has leased from the true owner, but he may
not be in actual occupation of the same.    13 Am. & Eng. Enc.
Law (2d ed.), 751, says: "One who is in possession by agent or
servant has such actual possession as will enable him to main-
tain the action," referring to quite a number of authorities.
On page 752 of the same volume (and authorities referred to
are the only ones which deny the right of the landlord to
bring the action), it is said: "When the premises in question

are occupied by a tenant, such tenant must bring this action if the premises are forcibly entered upon or detained by third persons."

We call the attention of the court to the proposition that the premises must be occupied by the tenant. The property in controversy in this suit was not occupied by the tenant; he had no actual occupation; he was simply in constructive possession by virtue of the contract which he made with the landlord by which he was to work other lands.

The action of unlawful detainer is purely a statutory remedy; we look to the statute and to the statute alone. Section 4461 of the code gives the right of action to "anyone deprived of the possession of land by force, intimidation, fraud, stratagem, stealth, etc." Now it may be true that the tenant, Clarty, whose possession was invaded, may have had the right to bring this suit, yet it does not follow that Hammel, the appellant, does not also have the right. It is submitted that under this statute, either the landlord or the tenant has the right to maintain the action; whenever the possession of the tenant is invaded it *ipso facto* invaded the possession of the landlord; the possession of the tenant is the possession of the landlord; and to oust the tenant is to oust the landlord.

The invading of the possession by Mrs. Atkinson clearly conferred the right to bring the action as it was held by this court in *Parker* v. *Eason,* 68 Miss., 290.

*Horton & Horton,* for appellee.

[The brief of counsel for appellee was lost, mislaid or withdrawn from the record before it reached the reporter.]

Argued orally by *B. C. Adams,* for appellant.

PRICE, J., delivered the opinion of the court.

This was an action of unlawful entry and detainer, under chapter 142 of the Code of 1892. Hammel had rented his place

to Clarty, and Clarty was in possession of the land, making a crop. Mrs. Atkinson took possession of forty acres of this land, cleared up a small portion of it, and erected a house thereon. The only question presented by the record is, could the landlord bring this action against a third party while his tenant held possession of the land? The lower court held that he could not; that the tenant who held the possession under contract with Hammel should bring the suit. In this view we concur. At least the tenant in possession, before the expiration of his term, is a necessary party. 13 Am. & Eng. Enc. Law (2d ed.), 752.

*Affirmed.*