CHARLES ROBINSON V. COLUMBUS W. BOGGAN.

[52 South. 705.]

FORCIBLE ENTRY AND UNLAWFUL DETAINER. *Code* 1906, § 5039. *Must* *be brought within one year.*

Under Code 1906, § 5039 (Code 1892, § 4461), governing the action of forcible entry and unlawful detainer, the action does not lie for the recovery of land unless the plaintiff has been deprived of its possession within one year next before the beginning of his suit.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

Boggan, appellee, was plaintiff in the court below; Robinson, appellant, was defendant there. From a judgment in favor of plaintiff defendant appealed to the supreme court.

The suit was an action of unlawful entry and detainer begun May 2, 1906. Boggan owned the east half of the southwest quarter of a section of land, and Robinson owned the adjacent west half of the southeast quarter of the same section. Boggan and Robinson each held their respective title by mesne conveyances from the same common source, Boggan's grandfather. The land involved in this action was a strip eighty feet wide along the eastern boundary of the eighty-acre tract described in the deed to Boggan, its eastern edge coinciding with the eastern boundary of the east half of the southwest quarter of the section, and its length being the length of the eighty-acre tract. Boggan, the plaintiff, testified that he went into possession of the property by his tenant in January, 1904; that his aunt, who sold the property to him, had previously rented the land and he could not get personal possession of it until January, 1905. Until a survey was made in 1906, neither Boggan nor those under whom he held title made any claim to the strip of land

involved; and the western boundary of the strip, marked by an old fence row and line of bushes, had been continuously considered by the plaintiff and the defendant as the boundary line between their respective tracts. At the close of the evidence the defendant requested, but the trial court refused to give, a peremptory instruction in his favor. The instruction was asked on the ground that Boggan had not shown that he ever had possession of the strip, and if he ever acquired the right of possession such right existed more than one year before the institution of this suit.

Code 1906, § 5039 (Code 1892, § 4461), is as follows:

"*Unlawful entry and detainer. In what cases a remedy.* Any one deprived of the possession of land by force, intimidation, fraud, stratagem, stealth, and any landlord, vendor, vendee, mortgagee, or trustee, or *cestui que trust,* or other person against whom the possession of land is withheld by his tenant, vendee, vendor, mortgagor, grantor, or other person, after the expiration of his right by contract, express or implied, to hold possession, and the legal representatives or assigns of him who is so deprived of possession, or from whom possession is so withheld, as against him who so obtained possession, or withholds possession after the expiration of his right, and all persons claiming to hold under him, shall, at any time within one year after such deprivation or withholding of possession, be entitled to the summary remedy herein prescribed."

*Leftwich & Tubb,* for appellant.

At the close of the evidence for plaintiff, and before introducing any testimony at all, defendant moved to exclude all of the evidence offered by plaintiff because it failed to show the right of possession in plaintiff, and because the evidence showed affirmatively that it plaintiff ever acquired any right of possession it was acquired more than one year before the institution of this suit, after which period a suit for unlawful entry and detainer was not legally maintainable. The court below overruled

this motion, and the defendant then introduced his testimony. After he rested his case, plaintiff introduced his leading witnesses whose testimony was objected to because it was not in rebuttal and, as stated in the motion for a new trial, because plaintiff could not conduct his case in that way. At the close of all the testimony defendant again moved the court below to exclude all the evidence for the plaintiff, and to instruct the jury to award a verdict for the defendant because the evidence showed indisputably that the title and possession of the strip of land in controversy was vested in defendant and his wife jointly; and that as to Mrs. N. R. Robinson not being a party to the action, a writ of possession could not be executed against her; and because the testimony showed that the suit was not brought within one year after plaintiff was deprived of possession. This motion was overruled; the jury returned a verdict for plaintiff; a judgment was entered up for him; defendant made a motion for a new trial; the charges granted plaintiff were all excepted to by the defendant; his motion for a new trial was overruled.

*George C. Paine*, for appellee.

Appellee contends that the five acres of land in dispute have never been held adversely until appellant asserted his right to the land; and that within one year during or from such time of the assertion appellee began his suit to dispossess appellant of the land. The holding of this land by all of the owners prior to the time of ownership by the appellant has been one of permission, and no permissive holding will ever ripen into an adverse holding.

All the land originally belonged to Boggan, the grandparent of appellee and the vendors, under whom appellant holds title. The line as indicated by the diagrams in evidence. and as marked by the old fence row, was placed there as a matter of convenience and choice and was never intended by any member of the Boggan family to indicate or mark the boun-

.dary of the two subdivisions of the land as to which this suit .originated.

Under the testimony, which is undisputed, up to the time of the introduction of the testimony of appellant, appellee was entitled to have this suit sustained, and there was no error committed by the court below in refusing the peremptory instruction asked by appellant. *Paden v. Gibbs,* 40 South. 87. At the time the surveyors located the five acres in dispute no one was in possession of it; it was not within the calls of the deed to the appellant, who had all the land within the call of his deed; hence appellant could not legally claim the tract of land concerned unless the surveyor awarded it to him. The testimony ·shows that the surveyor did not award it to him, but plotted it .as property of appellee, who at the time of being dispossessed ·of it was in the actual possession of the tract. He was later .dispossessed by appellant, and then brought this suit.

MAYES, J. delivered the opinion of the court.

We do not think, under the facts in this case, appellee has ·shown that the remedy by unlawful entry and detainer is an available one to him. Before this remedy can be invoked, it ·must be shown that the party seeking to invoke it has been deprived of the possession of the land sought to be recovered under it. The testimony leaves it very doubtful whether Bog- .gan has ever had possession of this property in any way, and ·certain it is that appellee has never had such possession, within the meaning of Code 1906, § 5039, as would entitle him to maintain this suit. The deprivation or withholding of possession, if it be conceded that Boggan is the rightful owner of the land, commenced many years before this suit was instituted, and, if the right to resort to this remedy ever existed, it was long prior to one year before the time when this suit was .brought.

*Reversed and remanded.*