WALTON ET AL. *v.* WALL.

[70 South. 549.]

FORCIBLE ENTRY AND DETAINER.  *Right to maintain action.  Possession.*

A landlord who has leased his land for a term and placed his tenant in possession, cannot during the term maintain an action of unlawful entry and detainer, against a stranger who entered upon the premises after the term began.

APPEAL from the circuit court of Panola county.

HON. N. A. TAYLOR, Judge.

Action of unlawful entry and detainer by J. H. Walton and others against E. C. Wall. From a judgment for defendant, plaintiffs appeal.

The facts are fully stated in the opinion of the court.

*L. F. Rainwater,* for appellants.

In the case of *Parker* v. *Eason,* 68 Miss. 290, Eason was in possession by his tenant, when Parker moved on the land and notified Eason's tenant to leave. Eason himself did not personally occupy the land. Eason brought suit, in an action of unlawful entry and detainer and recovered. In affirming the case CAMPBELL, Judge, says "The summary remedy by unlawful detainer is given by the Code for just such a case as this, among others where one claiming land invades the possession of another, and

seeks by this stratagem to secure possession to himself." It is impossible to conceive upon what theory the court below granted the peremptory instruction for defendant, unless it be that one of the witnesses for plaintiff testified that she had rented the land to one Bob Cleveland and having rented it that plaintiffs could not maintain the action. It will be noted that Cleveland had not been put in possession, and not being in possession he could not maintain the action. The suit was brought in February before the crop season began, and plaintiffs having agreed to rent to Cleveland were bound to put him in possession, and hence to bring this suit. A lessee who has not been put in possession cannot maintain the action of forcible entry and unlawful detainer. *Taylor* v. *Orlansky,* 92 Miss. 761.

I call the attention of the court to the language found on page 765 in the case cited above as follows: "The contention of counsel is simply that any one who has a right of possession by contract to a piece of land is entitled to bring this action of unlawful detainer under our statute. This is a manifest misconception."

Counsel for defendant in the court below relied upon the case of *Hammel* v. *Atkinson,* 82 Miss. 465, as authority for a peremptory instruction. That case correctly announces the rule to be that where a tenant is in possession, the landlord cannot maintain the action, in that case the court, Price, J., says; "Clarty (the tenant), was in possession of the land, making a crop," while in the case at bar there was no proof that the tenant was in possession, and, as a matter of fact was not in possession. The tenant therefore could not have maintained the action because in order to do so it must affirmatively appear that he has been deprived of the possession. 52 So. 705.

It was sought to establish in the court below that Wall, the defendant, in invading the possession of plaintiffs was acting as agent for W. H. Wall & Sons, and that the suit should have been brought against the latter. The only evidence tending to show an agency was the

testimony of Wall himself. Agency cannot be shown by the declaration of the agent and his statement has no probative value. *Sumrall* v. *Kitselman,* 101 Miss. 790.

The invasion of plaintiffs' property by Wall was a tort, and in order to hold a principal liable for the tort of an agent, it must be by a previous authorization or an express ratification. *Tucker* v. *Jerris,* 75 Me. 184; *Smith* v. *Lozo,* 42 Mich. 6.

It can make no difference so far as plaintiffs are concerned whether Wall, in forcibly taking possession of their property, was in fact the agent of W. H. Wall & Sons or not. The plaintiffs had no information or knowledge that he was acting in any other capacity than his own.

I submit that as to plaintiffs right to recover the evidence is overwhelming; that the giving of the peremptory instruction for defendant was error; that the case should be reversed and judgment entered in this court for plaintiffs, but if I am mistaken in this, then the case should be reversed and remanded.

*Shands & Montgomery,* for appellee.

The record shows without dispute, that Bob Cleveland, a tenant of the appellants, was not only in possession of the *locus in quo* at the time of the institution of the suit, but had been in actual possession and occupancy of it, farming it, for two years immediately preceding. This was the third year that Bob occupied the premises. As stated in the opinion of the court, *Hamel* v. *Atkinson,* 82 Miss. 465, is conclusive of this case.

COOK, J., delivered the opinion of the court.

This is an action of unlawful entry and detainer instituted by the appellants against appellee, and resulted in a verdict and judgment against appellants by the peremptory direction of the court.

The record indisputably shows that the appellants, plaintiffs below, were not entitled to the relief sought, because it appears that they had rented the land in question to one Bob Cleveland, and that their tenant was in possession of the land at the time this suit was begun. In that regard the facts here are identical with the facts in *Hammel* v. *Atkinson,* 82 Miss. 465, 34 So. 225. It follows, therefore, that appellants were not entitled to the possession of this land.

We put to one side all other questions presented by the record, and merely decide that the judgment below will be affirmed, as this case is ruled by the case cited.

*Affirmed.*