## PINNIX v. JONES, *et al.*

[90 South. 481. No. 22315.]

1. LANDLORD AND TENANT. *Landlord cannot sue to eject tenant after sale of premises.*

   A landlord cannot maintain a proceeding under section 2885, Code 1906 (section 2383, Hemingway's Code), to eject a tenant from the leased premises after the premises have been sold by the landlord to another.

2. APPEAL AND ERROR. *Costs. Justices of the peace. Consolidation of proceedings by vendor and purchaser to eject tenant held error, but not to require reversal, though costs would be charged against landlord.*

   It is error to consolidate on the appeal of the two causes to the circuit court a proceeding begun by a landord to eject a tenant from leased

premises under section 2885, Code 1906 (section 2383, Hemingway's Code), commenced after the landlord had sold the premises to another with an unlawful entry and detainer proceeding instituted by the person to whom the landlord had sold the premises for the ejection of the same tenant, but the error in so doing will not necessitate a reversal of a judgment in favor of the plaintiff in the unlawful entry and detainer proceeding if no evidence was introduced on the trial which would not have been competent had the unlawful entry and detainer proceeding alone been tried. But the costs incurred in the landlord's proceeding should be taxed against the landlord, and not the tenant.

3. LANDLORD AND TENANT. *Landlord's notice to quit inures to purchaser's benefit, and tenant becomes liable for double rent on remaining beyond his right.*

   A notice to quit given by a landlord to his tenant will inure to the benefit of a purchaser of the leased premsies from the landlord if given for the purpose of enabling the purchaser to obtain the possession of the premises, and, if the tenant thereafter remains in possession of the premises after the expiration of his right so to do, he will be liable to the purchaser for double rent under section 2883, Code 1906 (section 2381, Hemingway's Code.)

APPEAL from circuit court of Monroe county.

HON. C. P. LONG, Judge.

Action by W. Jones against J. A. Pinnix in the justice court, which was appealed to the circuit court, and there combined with an action by one Pennington for unlawful entry and detainer. Verdict and judgment awarding the possession of the premises to Pennington, together with double rent therefor, and the defendant appeals. Affirmed, with modification.

*Young & Coleman,* for appellant.

These cases should be reversed because the court below sustained the motion of plaintiffs below, combining and consolidating the cases and trying same as one case. W. F. Jones assumed the roll of landlord when he had no interest whatever in the land or the case, and proceeded to attempt to oust Pinnix from the premises. Pennington brought unlawful entry and detainer to test the right of

Pinnix to possession. These parties had no right to proceed from contradictory and variant angles to sue Mr. Pinnix for the possession of the land. Jones was landlord or he was not. Pennington was not the owner by warranty deed if Jones was landlord. These two parties elected to bring two separate and distinct suits and the court had no right to allow them to join hands and both get the benefit of any right that either might have in the litigation, thereby protecting both. *Sprately* v. *Kitchene,* 55 Miss. 578; *Howe* v. *Cole,* 16 So. 531.

It was error to allow the plaintiffs to introduce evidence to show notice to quit the premises. If any notice was at all necessary, then the legal and proper notice was not given, and we contend that the notice was absolutely required even if Pinnix had not rented the place for the year 1921. However we are convinced that he had leased the premises for 1921. The letter purporting to give notice introduced over the objection of defendant was dated Dec. 18, 1920, which could not apply to any of the requirements of the Code. The notice might have misled the jury and was the basis of instructions for double rents, therefore this feature of the case flies in the face of the law. Sections 2882-2883 of Code of 1906; *Scruggs* v. *McGehee,* 110 Miss. 10; *Weatherall* v. *Brown,* 113 Miss. 887; *Stollenweck* v. *Eure,* 119 Miss. 854.

In the case of Jones against Pinnix a directed verdict should have been for Pinnix, because the evidence for the plaintiff in that case is clear and unequivocal that at the time he sued as landlord he was not in fact and in truth landlord at all, and had no rights in the premises or against Pinnix. His own testimony and the deed he had made to Pennington on December 18, 1920, show conclusively that he had no case, no standing or rights whatever in the court. The case Jones brought was in no sense for the protection of his warranty to Pennington, but as pure, simple, and naked statutory remedy of landlord to evict tenant that he himself never had and could not have such relation with or without agreement for rental of the land for the year

1921. Jones himself says that he parted with title to the place on the 18th day of December 1920, and that his deed only calls for warranty and protection against lawful claims. And in the same breath Mr. Jones claims the holding of Pinnix is unlawful, and for that reason he could not buy in and overdo his warranty as expressed in the deed. (Tr. p. 27 1-2) The whole evidence shows that the only relation or connection Jones has whatsoever is that of vendor and warrantor to Pennington. The anomalous position of Mr. Jones, made it necessary under the law to put him out of court. How can a warrantor take the initiative in his own name and demand any one to give up an unlawful position, as he claims when he agreed to only defend against lawful claims? You cannot find the warrantor going into court in his own name in such manner. The ruling of the lower court in this matter was fatal, as the only person who could bring the action Jones has undertaken, would be his assignee and vendee. Section 2886, Code of 1906. *Watkins* v. *Duvall,* 69 Miss. 364; *Bowdree* v. *Sloan,* 69 Miss. 369; *Rhyne* v. *Guevara,* 67 Miss. 139; *Steven* v. *Moore,* 1 Miss. Dec. 537, 24 Cyc., p. 952-956, 1340B, 1414E & F-1421B. The verdict and judgment should have been for the defendant.

The case of Pennington should have been decided for the defendant below and a peremptory instruction given as requested, because Pennington never at any time gave Pinnix notice to remove from the lands. In fact the notice given by Jones is of no effect because he was not owner of the place when he mailed it and so states in his letter. This notice must be given by the landlord himself or at his direction. Not so in the instant case. It is untenable to contend that two different parties have the same right of action in a case like the one at bar. If the Jones case is maintainable how can the Pennington case be maintained? If Pennington can sue for possession as owner of the land, having right of possession as claimed by him, then Jones cannot maintain his suit at the same time. How can two bodies or two subject matters occupy the

same space and standing at one and the same time, and two separate suits pending at the same time for the same thing?

This fifth assignment of error should be sustained for the further reason that Pinnix lived on this place for several years and Jones never at any time gave him a lease in writing, but the trade would be only evidenced by the promissory note of Mr. Pinnix, setting out the amount of rent for the year as the consideration. The law for the contention in this assignment is clear in Sections 2882 and 2883 of Code 1906; *Scruggs* v. *McGehee,* 110 Miss. 10; *Weatherall* v. *Brown,* 113 Miss. 887; *Stollenwerch* v. *Eure,* 119 Miss. 854, *supra.*

The court below committed fatal error in giving instructions for plaintiffs authorizing the jury to assess double rents, and in refusing the instruction requested by the defendant that only single rent could be recovered if the verdict was for plaintiffs. Double rent can only be given when the proper and legal notice to quit has been given as required by the law in section 2883 of Code of 1906. That was not done in this case. The jury was instructed to assess double damages in the event they found for plaintiffs which left them no option to assess single rent in case of deciding for the plaintiff. Several of the cases already cited announce the law as contended by us. As this certainly was a rental from year to year and no sixty days notice was given by any one the case should be reversed for this error.

The court entered and rendered judgment on the verdict of the jury, for double rent and all costs in both cases, making the rent money payable to Pennington. That is not the law because in unlawful entry and detainer case only single rent can be recovered and that is the limit that could be assessed to Pennington who it is shown by the record was the only party who had any rights in the premises except Pinnix. The judgment is erroneous, as well as the verdict thereon founded. As a matter of course we think the jury found contrary to the law and the evi-

dence, and the lower court should have set aside the verdict and judgment and granted defendant therein a new trial. If two cases were not necessary then defendant should not be called upon to pay the useless expense of one of these suits, even if the other can be maintained. Section 82, Code of 1906; section 5049, Code of 1906.

We most earnestly contend and submit that the errors herein complained of and the law and the reasons set out necessarily entitle us to a reversal of these cases.

*J. O. Prude, Jr.,* for appellee.

There was no error in the consolidation of these causes, as contended in assignment two. In the case of *Spratley* v. *Kitchens* cited by counsel for appellant the subject-matter of the two suits was different and not the same, and surety bonds were involved in that cause, which is not the case here. The case of *Howe* v. *Cole* cited is not in point because in that case the issues were not properly drawn, one of the cases having originated in the circuit court and the other in the justice court, and the circuit court being without jurisdiction. Both of these cases originated in the justice court and the only issue involved was as to whether or not Jas. A. Pinnix was entitled to the possession of the land in question for the year 1921. This was determined by a jury adversely to Pinnix, and if there were any error it would be error without injury.

The third assignment of error is groundless. Under the Code, notice is required when the tenancy is from year to year. In this case, under no construction of the evidence could there have been a tenancy from year to year. The plaintiff claimed a tenancy for a definite term expiring with the expiration of the year 1920. The defendant, appellant here, claimed a lease for a definite term for the year 1921. The time of the lease under either theory, was fixed and certain. The jury chose to believe the plaintiff, appellee's theory and found accordingly. No notice was necessary and no notice is ever necessary,

under Code 1906, section 2882, except where the term is not to expire at a fixed time. At the same time, the notice to quit the premises introduced in evidence by plaintiff appellee was entirely competent as tending to show that at the time the notice was sent Jones had not made any contract with Pinnix and would not be in position to make one with him on account of the fact that he had sold the property to Pennington. The authorities cited are not in point.

There is nothing in either the fourth or fifth assignment of error as argued by appellant's counsel. The defendant in the court below purported to have a lawful claim, or lease for the year 1921, to the premises. Had his claim been true and a jury in the circuit court in effect decided that it was not a voluntary sale of the premises by the landlord, while terminating the relation of landlord and tenant, does not or would not have terminated the lease. It was certainly the duty of Jones the vendor of Pennington, to put Pennington into possession and it was as well the duty of Pennington to make every effort on his own part to procure possession of the premises in question. The course to be followed was optional, either Jones could make his own warranty to Pennington or Pennington could proceed as the owner of the premises to oust Pinnix from possession. Even if it were true that Jones had no right to bring the action, which we insist that he did have, it would in no wise have affected the rights of Pinnix, the appellant here, as a jury found clearly on a controverted question of fact that Pinnix had no right whatever to occupy or hold the premises for the year 1921, and therefore even if there had been error on the part of the trial court in not directing a verdict for Pinnix, the defendant, in the case of *Jones* v. *Pinnix,* it would have been error without injury.

There can be absolutely no merit whatever in the contention of appellant's counsel that Pennington should have given Pinnix any notice to remove from the lands. Our argument with reference to the third assignment is applicable here to the effect that no notice was necessary

under Code section 2882, of Code of 1906. The authorities cited by appellant's counsel in support of these assignments of error do not bear out appellant's contention but on the contrary where in point, are very largely in support of the contention of appellees.

The sixth and eighth assignments of error are based on the proposition of whether or not the plaintiff, appellee here, was entitled to double rent under the finding of the jury. The law is clear on this point. Appellant cites no authorities in support of his contention. Section 2883 of the Code of 1906, applies in all cases where a tenant has held over wrongfully beyond his term, regardless of whether notice to quit is necessary or not. Under his lease for the year 1920, it was the duty of the appellant to quit the premises at the expiration of the year, and no notice to quit being necessary, he wrongfully held over during the year 1921, and is liable for double rent as provided by section 2883. In other words, the law makes double rent the reasonable compensation for the use of the land where the holding over is wrongful. Even if this were not the case, it would not necessitate a reversal of this cause, for the reason that it has always been the law in Mississippi that a plaintiff, when too much rent has been awarded him, may remit the excess and thus prevent a reversal of the cause. See *Newman* v. *Mackin,* 13 S. & M. 383. However, we think there is no question about the correctness of our contention on the point that the plaintiff is entitled to rent in the full amount allowed by the jury under their finding on the facts in this case.

We respectfully submit that the case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

The appellant was a tenant of the appellee, Jones under a lease which would expire on December 31st; on December 18th prior thereto Jones sold the leased premises to the appellee Pennington, and on the same day gave the appellant the following written notice: "I have sold the

place you are now on and want possession. Please govern yourself accordingly."

The appellant claiming to have leased the premises for the following year, declined to surrender the same. On the 15th of January Jones commenced a proceeding in the court of a justice of the peace for the removal of the appellant from the premises under the provisions of section 2885, Code of 1906 (section 2383, Hemingway's Code), which cause in due time was appealed to the court below. While it was there pending Pennington instituted an unlawful entry and detainer proceeding against the appellant for his removal from the premises, which cause was also appealed to the court below in due course, and the two cases were there consolidated over the objection of the appellant, and on the trial thereof a verdict and judgment was rendered awarding possession of the premises to Pennington, together with double rent therefor for the time they were occupied by the appellant after the expiration of his lease.

The two causes should not have consolidated, and the appellant's request for an instruction directing the jury to return a verdict in his favor against Jones should have been given; but the error in consolidating the cases and in declining to grant the instruction were harmless except in so far as the cost of the Jones case was thereby imposed on the appellant, for no evidence was introduced on the trial that would not have been competent in the unlawful entry and detainer proceeding in which Pennington was the plaintiff.

The judgment for double rent is objected to on the ground that Pennington did not notify the appellant to vacate the premises as required by section 2883, Code of 1906 (section 2381, Hemingway's Code). Assuming for the sake of the argument that such a notice was required before Pennington would be entitled to double rent, the notice to vacate given the appellant by Jones was evidently for Pennington's benefit, and is as effective as if it had been given by Pennington.

The judgment of the court below will be affirmed, except that it will be modified to the extent that all the costs incurred in the case of Jones against the appellant prior to the consolidation of the Pennington case therewith will be taxed against Jones.

*Affirmed with a modification.*