McMILLAN *v*. BEST.

(Division B. Jan. 14, 1935.)

[158 So. 488. No. 31508.]

Brewer & Montgomery, of Clarksdale, for appellant.

Maynard, FitzGerald & Venable, of Clarksdale, for appellee.

814

Argued orally by **Sam Montgomery**, for appellant, and by **W. W. Venable**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This is an appeal by M. L. McMillan from a judgment of the circuit court of Coahoma county in favor of May Yates Best for the recovery of possession of certain lands which had, during the year 1933, been leased to and occupied by McMillan. Prior to January 1, 1934, May Yates Best had leased the lands involved to another for a term of three years, and there was no provision in said lease that May Yates Best should oust McMillan from the premises. McMillan refused to vacate the premises in the expiration of his term, claiming that some verbal understanding was had when he secured the lease, which entitled him to remain in possession.

Proceedings were brought before a county judge under section 2226, Code 1930, the action being founded on sections 2225 and 2226, Code 1930.

McMillan, who was defendant in the proceedings before the county judge, promptly challenged his jurisdiction, contending that it was a county court and the proceedings were in vacation, and there was no provision in the statute authorizing the county court to try causes in vacation. The county judge held that he was sitting as a county judge, and overruled the motion and proceeded to judgment, from which an appeal was prosecuted to the circuit court, where motion was made to dismiss for the same reasons set up in the county court, and this motion was overruled by the circuit court, judgment being rendered in favor of May Yates Best for the possession of the premises involved, and for the small sum of twenty-three dollars and fifty cents for the use and occupation of the premises. Motion was made by said May Yates Best, the appellee here, for a new trial as to

rent only, which was overruled, and a cross-appeal is prosecuted here.

The first ground assigned for reversal is that the court had no jurisdiction because, it is contended, it is a suit in the county court, and the county court was given jurisdiction by the act creating it, and it has been held that the county court has no authority to try causes in vacation. Mississippi State Highway Department v. Haines, 162 Miss. 216, 139 So. 168.

We are of the opinion that the county judge was a special court of limited jurisdiction, created under section 172 of the Constitution.

The statute was designed to give special and efficacious remedy for the possession of premises under the circumstances named in the statute, and, under this statute (section 2226, Code 1930), the county judge, justice of the peace, or the mayor or police justice of any city, town, or village are given jurisdiction when the suit is under this section. The language of the statute is as follows: ''A tenant or lessee at will or at sufferance, or for part of a year, or for one or more years, of any houses, lands, or tenements, and the assigns, under-tenants, or legal representatives of such tenant or lessee, may be removed from the premises by the judge of the county court, any justice of the peace of the county, or by the mayor or police justice of any city, town, or village,'' etc., setting forth the circumstances upon which the jurisdiction is exercised. The very language of the statute, ''by the judge of the county court,'' carries the idea that it is not a county court, but that the judge was acting specially under the statute. There was no error in the holding of the jurisdiction.

It is next contended that May Yates Best had no right to institute the suit as she had already leased the premises for a term of three years to another person, Mrs. M. H. Johnson, by an instrument in writing, which contained no covenant for the lessor to place her in posses-

sion. Mrs. Johnson had the right to institute proceedings. The lessor conveyed to Mrs. Johnson the right to possession, but did not agree to dispossess McMillan.

It was held in West v. Kitchell, 109 Miss. 328, 68 So. 469, 470, that unless the lessor covenants to put the lessee in possession, he was not under duty to dispossess a tenant holding over. In that case, the law upon the subject of the rights of the lessor and lessee were discussed, and it was stated that there are two rules, English and American, which were discussed and reviewed. This court has always aligned itself with what is known as the American rule, which is that there is no obligation upon the lessor, unless specially contracted for, to dispossess the tenant in possession. In the West v. Kitchell Case, supra, the court said:

"Under what is commonly called the English rule, and which is followed in this country by the courts of a considerable number of the states, it is held, in the absence of stipulations to the contrary, that there is an implied covenant in a lease, on the part of the landlord, that the premises shall be open to entry by the tenant at the time fixed by the lease for the beginning of the term. . . .

"Under what is called the American rule the landlord is not bound to put the tenant into actual possession, but is bound only to put him into legal possession, so that no obstacle in the form of a superior right of possession will be interposed to prevent the tenant from obtaining actual possession of the demised premises. If the landlord gives the tenant a right of possession he has done all that he is required to do by the terms of an ordinary lease, and the tenant assumes the burden of enforcing such right of possession as against all persons wrongfully in possession, whether they be trespassers or former tenants wrongfully holding over."

The court further said, in its opinion, that "the leading text-writers seem to have adopted the American rule

as the most reasonable and just rule, and the weight cf American authority is on the side of that rule.''

In Surget v. Arighi, 11 Smedes & M. 96, 49 Am. Dec. 46, it was held that unlawful eviction by strangers is not ground for an action on a covenant for quiet enjoyment.

. In the case of Pinnix v. Jones, 127 Miss. 764, 90 So. 481, it was held that a landlord cannot, after conveying the premises, maintain an action against a tenant for holding over.

In the case at bar, the landlord had leased the premises to another, and the suit here is for possession. The plaintiff, May Yates Best, having no possession, and being under no contract to give the lessee possession, or to oust the tenant holding over, had no right of action. Collins v. Wheeless (Miss.), 157 So. 82, and the authorities there cited.

It follows from these views that the appellee, May Yates Best, had no right of action, and, consequently, the judgment of the court below will be reversed.

Reversed and dismissed.