COMAN *et al. v.* JOURDAN.

(Division B. May 2, 1938.)

[180 So. 792. No. 33197.]

Brewer & Hewitt, of Jackson, for appellants.

Clark & Clark, of Iuka, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from a judgment against the plaintiffs below, J. J. Coman and Innis Alexander, in an action of unlawful entry and detainer instituted in a court of unlawful entry and detainer on the 13th day of November, 1937, for the possession of certain described property constituting a filling station in the town of Iuka, Miss., and for rent in arrears in the sum of $225.

A contract between J. J. Coman and Innis Alexander, parties of the first part, and J. C. Jourdan, Jr., party of the second part, was entered into July 1, 1935, which reads as follows: "This agreement entered into this day between J. J. Coman and Innis Alexander, parties of the first part, and J. C. Jourdan, Jr., party of the second part. The parties of the first part, this day rents to J. C. Jourdan, Jr., party of the second part the garage on the corner of Block 12 of the Terry's survey of the town of Iuka, Tishomingo Co., State of Mississippi, for period of five months, beginning July 1st, 1935, and ending on the first day of December, 1935, for the sum of thirty dollars per month, payable on the first day of each month. Said payments to be made to Mrs. Celia Fulkerson. Witness our signatures, this the 1st day of July, 1935.

"[Signed]

"J. J. Coman,
"Innis Alexander,
"J. C. Jourdan, Jr."

An itemized account of rent claimed was filed, showing for the month of December, 1936, $30; and through June, 1937, $30 for each month, amounting to $210.00, upon which there was a credit dated July 2, 1937, of $105, with a balance of $105; then for July, August, September, and October, $30 for each month, making a total of $225 claimed to be due.

It does not appear from the testimony that J. C. Jourdan, Jr., was in possession of the premises at the time of the institution of the suit, nor did it appear what month he was in possession, if at all, during the life of the account sued on. It appears from the evidence that Mr. Ward Moser was in possession of the property, operating a filling station, and that payments of the rent had been made by his giving his personal checks therefor. It does not appear in what capacity he was in possession, or whether he was the agent or employee of Jourdan or had any other relation with him; nor does it appear that he had any contract with the plaintiffs, though it seems that he had paid practically all the rent which had been collected upon the property. The proof does not show that the right of action or possession accrued within 12 months prior to the institution of the suit; nor does it appear that Jourdan was in possession at the time of the institution of the suit; on the contrary, it would seem that Ward Moser was in possession, but in what capacity is not apparent.

There was a total failure to establish a right of action, either of possession of the premises within the 12 months required by statute, or that the rents claimed to be due accrued during any period while J. C. Jourdan, Jr., was in possession. Section 3456, Code 1930, requires that action must be commenced within 1 year from the time the right to possession accrued; and in Robinson v. Boggan, 97 Miss. 27, 52 So. 705, it was held that the action must be brought within 1 year after the right accrues; and in the case of Walton v. Wall, 110 Miss. 361, 70 So. 549, it was held that the defendant must be in possession

before the plaintiff can maintain an action against him; consequently the court below was correct in holding that the plaintiff had not established his right.

It is not necessary here to decide that the court of unlawful entry and detainer could not render judgment for rents in excess of $200. That court is a special court and not a court of justice of the peace. The judgment of the court below will therefore be affirmed.

Affirmed.