SISTRUNK *v.* MAJURE.

(Division B.  Nov. 13, 1939.  Suggestion of Error Overruled Jan. 8, 1940.)

[192 So. 5.  No. 33814.]

A. B. Amis, Jr., of Newton, for appellant.

J. B. Hillman, Richardson & Sanford, and A. B. McCraw, all of Philadelphia, for appellee.

**McGowen, J.,** delivered the opinion of the court.

The appellee, William W. Majure, instituted an action of unlawful entry and detainer for the possession of certain lands, before three justices of the peace. The unlawful entry and detainer court entered a judgment in favor of Majure, from which judgment an appeal was prosecuted to the Circuit Court, where the case was heard by agreement of parties before the judge of the court, without the intervention of a jury.

When the appellee had concluded his testimony, the appellant, Sistrunk, moved the court to exclude the evidence and enter a judgment for him. This motion was overruled by the court, and a judgment was entered, awarding possession of the lands in controversy to Majure.

The appellant offered in evidence a forfeited tax land patent from the state of Mississippi, executed by the State Land Commissioner and the Governor of the state, dated October 20, 1938, this instrument being filed on the next day for record in the Chancery Clerk's office in Neshoba county. On November 26, 1938, this proceeding was instituted.

In addition to this evidence Majure, as witness for himself, testified that Sistrunk was in possession of the lands, that he had the forfeited land tax patent; that he was deprived of possession of the land by Sistrunk, possession to which he claimed that he was entitled.

It was agreed by the parties that the lands involved were sold by the sheriff and tax collector of Neshoba county on April 4, 1932, for taxes due thereon for the year 1931; that the land was not redeemed from the tax sale, but in due course the chancery clerk of Neshoba county certified to the Land Commissioner's office, where title remained until purchased by the defendant; and it is admitted that the appellant, Sistrunk, is now in possession of the property.

Sections 3456, 3457, Code of 1930, shows who may be made parties plaintiff to a petition, and who may be made parties defendant. In unlawful entry and detainer cases it is essential, and the burden of proof is on the complaining party to show that the defendant unlawfully withholds possession of the land in controversy. The appellant offered no evidence, and there is nothing in this record to show wherein or how he entered possession, or what relation there was between parties plaintiff and defendant in the court below; nor was there anything to show what relation there was between the defendant and any of the predecessors of Majure in title to the land.

The action of unlawful entry and detainer is statutory, and the statutes authorizing the remedy are strictly construed, because they are in derogation of the common law. The action is merely one for possession of the land, and does not involve the title thereto. It may be that Majure had a perfect legal title thereto, and yet not be entitled to the possession thereof when the proceeding was instituted. In other words, the mere fact that Majure had an outstanding muniment of title is not proof that Sistrunk held possession of the land unlawfully.

In the case of McCorkle v. Yarrell, 55 Miss. 576, this Court held that the plaintiff in unlawful entry and detainer, who entered the lands from the United States Government, cannot maintain the action against persons who had wrongfully settled upon the lands. In other words, the defendant in the action there was a trespasser.

824

The certificate of entry from the government entitled the party to whom it was issued to go upon the land, and hold it, under the acts of congress for a length of time before he could secure a patent.

The title deeds in a proper case are admissible only for the purpose of proving the right to, and the extent of, possession of the complaining party. McCallum v. Gavin, 149 Miss. 885, 116 So. 94. But the letters patent in the case at bar do not tend to establish that the appellant was wrongfully withholding possession of the property, or that he had wrongfully turned Majure out of possession thereof. There is no view of the case upon which the judgment of the court below can be upheld.

Reversed and judgment here for appellant.