WARD et al. v. HUDSON et al.

(In Banc. Jan. 14, 1946.)

[24 So. (2d) 329. No. 35992.]

Dudley W. Conner, of Hattiesburg, for appellants.

173

E. E. Hudson and F. M. Morris, both of Hattiesburg, for appellees.

Argued orally by Dudley W. Conner, for appellants.

Alexander, J., delivered the opinion of the court.

Appellees are owners of a store building in the City of Hattiesburg. A portion of the lower floor of the building had been leased to Ward and with authority of the landlord sublet to F. E. Taylor. The latter sublet his portion to appellant, F. M. Taylor. The remainder of the lower floor had been leased to Steve Servitas. All such leases expired December 31, 1944.

On September 18, 1944, the landlord executed a lease to the entire lower floor to Servitas, effective January

1, 1945. Appellants failed or refused to vacate on that date after due notice, and the landlord brought complaint in unlawful detainer proceedings on January 18,, 1945, in the county court, whose order compelling appellants to vacate the property and awarding the landlord compensation against appellants in the sum of $150 per month was affirmed by the circuit court. Appellants had been paying a rental under their lease of $75 per month. The rate to Servitas under the new lease was $300 per month.

The assignments of error involve the action of the trial court in refusing to quash the proceeding, and denial of motion to dismiss the complaint.

It will be noted that the complaint is not filed by Servitas who, under his new lease, had the right of possession of the entire lower floor, through the landlord. Nor was the proceeding to oust brought by the landlord prior to the termination of appellants' lease. We are of the opinion that the landlord was under no duty and, therefore, had no right to institute the action since it was solely for the benefit of Servitas, who not only was in possession of part of the property but had legal right to the entire possession even as against the landlord himself—with exceptions not necessary to be noted. The action here is purely possessory and does not involve title. Sistrunk v. Majure, 186 Miss. 814, 192 So. 5.

The landlord contends, however, that he had a duty to put Servitas into complete and peaceable possession, and in support of this view seizes upon the expression in the lease that ''exclusive possession thereof will be given to lessee as of the date of the beginning of said lease.'' We do not find in the clause any undertaking to put Servitas into possession. The history of the several transactions shows that it was the landlord's purpose to clarify the fact that the property theretofore leased partly to Servitas and to appellants was, upon expiration of the latter's lease, to be entirely at the disposal of Servitas. At the time of the lease to Servitas there was no occasion to

demand possession from appellants nor to forecast his holding over.

Where there is no express covenant to put a lessee into possession there is no implied obligation to do so by evicting a former tenant holding over. West v. Kitchell, 109 Miss. 328, 68 So. 469. The respective rights and duties of the landlord and the new tenant are thoroughly discussed in the cited case in 109 Miss. at page 335, 68 So. at page 470. This view finds further support in Hammel v. Atkinson, 82 Miss. 465, 34 So. 225; Prosser, Torts, p. 649. The inconsistency of a contrary view finds illustration in the award to the landlord of the sum of $150 per month against appellants, which, by supplementing the rental paid by Servitas, allows the landlord thereby to increase his rental returns for the entire property to $450 despite his lease therefor for only $300.

Reversed, and judgment here for appellants.