320 So.2d 776 (1975)
SOUTHWEST DRUG COMPANY
v.
HOWARD BROTHERS PHARMACY OF JACKSON, INC.
No. 48238.
Supreme Court of Mississippi.
October 13, 1975.
*777 Young, Young & Scanlon, Robert B. Sessums, Jackson, for appellant.
Brunini, Grantham, Grower & Hewes, Richard W. Dortch, Jackson, for appellee.
Before RODGERS, P.J., and SUGG and BROOM, JJ.
RODGERS, Presiding Justice:
This case originated in the Circuit Court of the First Judicial District of Hinds County, Mississippi. From an adverse judgment dismissing plaintiff's case, plaintiff has appealed to this Court.
These are the facts leading to the judgment of the trial court and the appeal to this Court.
The plaintiff, Southwest Drug Company, filed a suit against the appellee, Gibson's Pharmacy of Jackson, Mississippi, and Alton H. Howard. The trial court sustained a motion dismissing the suit against Mr. Howard, since the court had no jurisdiction of any claim against him. No appeal was taken as to this order.
The appellant's suit against the appellee was based upon the allegation that the defendant Howard Brothers Pharmacy of Jackson, Mississippi, had interfered with a lease contract obtained by the appellant for the lease of certain property belonging to W.W. Warren, but which was known by appellant to be occupied by the appellee.
It is alleged that the date when the contract was to begin was determined and that W.W. Warren gave notice to the appellee Howard Brothers Pharmacy to vacate the building. It is said that the appellee refused, however, and neglected so to do; that it continued to occupy the property so that the appellant was denied the use of the building; and that the appellee maliciously and willfully retained possession of the property to the damage of the plaintiff (appellant). The plaintiff then demanded a judgment against the defendant (appellee) in the sum of one million dollars ($1,000,000.00).
A motion was made by the appellee requesting the court to require the plaintiff to make the declaration more specific as to damages. This motion was sustained, and a new declaration was filed setting forth certain damages alleged to have occurred to the plaintiff by reason of the purchase of fixtures and inventory to go into the drugstore. No mention was made of rent due.
A new motion was filed requesting the court to require the plaintiff to make his declaration more specific or, in the alternative, that the declaration be dismissed. The trial court sustained the motion, and the plaintiff again amended his declaration; whereupon, the appellee again moved *778 the court to strike the allegations of damages from the declaration. The last motion was sustained, and when the plaintiff refused to amend the declaration, the case was dismissed without prejudice.
The appellant contends on appeal that the appellee maliciously and willfully interfered with its lease contract with W.W. Warren so as to prevent it from occupying the building to the financial damage of the appellant, and for which it is entitled to punitive damages. It is argued, therefore, that the trial court was in error in dismissing the declaration.
There can be little doubt that there is a general rule of law whereby a party to a contract has a right of action against a person or a corporation who has willfully procured a breach of the contract by the other party to the contract. This rule does not apply where one interferes with another's contract in the legitimate exercise of one's own right. This rule is said to have originated in the English case of Lumley v. Guy, 2 El. 8 Bl. 216, 118 Eng. Reprint 749, 1 ERC 706 (1853). The rule has been thoroughly meshed into the law of the various state and federal courts of America. Annot., 84 A.L.R. 43-55 (1933); 26 A.L.R.2d 1227-1285 (1952); 45 Am.Jur.2d Interference § 1, at 280 (1969). It is said that this doctrine of liability is that the right to perform a contract and to reap the profits resulting from such performance, and also the right to performance by the other parties, are property rights which are entitled to protection. 45 Am.Jur.2d Interference § 39, at 314 (1969); 30 Am.Jur. Interference § 21, at 73 (1958).
On the other hand, the appellee contends that the sole issue in this case is whether or not Mississippi Code Annotated Section 89-7-25 (1972) is applicable to the facts here shown. This section of our Code is in the following language:
"When a tenant, being lawfully notified by his landlord, shall fail or refuse to quit the demised premises and deliver up the same as required by the notice, or when a tenant shall give notice of his intention to quit the premises at a time specified, and shall not deliver up the premises at the time appointed, he shall, in either case, thenceforward pay to the landlord double the rent which he should otherwise have paid, to be levied, sued for, and recovered as the single rent before the giving of notice could be; and double rent shall continue to be paid during all the time the tenant shall so continue in possession."
The declaration herein set out that the appellee was a tenant of one Henry Williams under a lease contract extended to May 31, 1972; that prior to the extension, Mr. W.W. Warren became the owner of the property. It is then alleged that W.W. Warren did not renew the lease except on a month-to-month basis. Thereafter, on June 16, 1972, Mr. Warren leased the building to appellant. It is further alleged that appellee was duly notified, but, that it willfully refused to surrender possession of the premises as it was required to do; therefore, the appellant was forced to terminate his lease contract with W.W. Warren.
The allegations of the declaration clearly show that the appellee was a tenant alleged to be holding over after the expiration of its lease contract. But the question then arises: Does the phrase "thenceforward pay to the landlord double the rent which he should otherwise have paid" imply that a contract with a new tenant limits the right of the new tenant to the damages of double the rent originally paid the landlord?
This Court has said that the foregoing Code § 89-7-25 is exclusive in dispossessory proceedings and is res judicata of a landlord's action for damages. Tepper *779 Bros. v. Buttross, 178 Miss. 659, 174 So. 556 (1937).
In the instant case, the landlord W.W. Warren did not covenant with the appellant to put the appellant in possession of the lease premises and, therefore, the landlord had no right to bring a dispossessory action. This right was transferred to the lessee Southwest Drug Company. Ward v. Hudson, 199 Miss. 171, 24 So.2d 329 (1946); McMillan v. Best, 171 Miss. 811, 158 So. 488 (1935).
In Tepper Bros. v. Buttross, supra, we said that the section of the Code [Section 2225, Mississippi Code 1930, now Mississippi Code Annotated § 89-7-25 (1972)] "affords an exclusive remedy as the measure of damages for holding over after notice to vacate. The statutory rule of construing laws is that where a statute enumerates the powers given, it must be held that it names all the powers dealt with therein, and that there is nothing implied." 178 Miss. at 664, 174 So. at 556. See also Hines Motor Co., Inc. v. Hederman, 201 Miss. 859, 30 So.2d 70 (1947).
We have consistently held in many cases since that time that where a statute enumerates and specifies the subject or things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned or under a general clause, those not of like kind or classification as those enumerated [Inclusio unius est exclusio alterius.] Akers v. Estate of Johnson, 236 So.2d 437 (Miss. 1970). Although the plaintiff, Southwest Drug Company, knew that Howard Brothers Pharmacy had possession of the property leased, Southwest made no effort to ascertain from Howard its claim to the property before Southwest incurred the alleged damages set out in its declaration.
We hold that the new tenant, Southwest Drug Company, is bound by the terms of Mississippi Code Annotated Section 89-7-25 (1972) and can recover no more than the damages allowed the landlord against the tenant for holding over under this section of the Code. The trial court was correct in requiring an amendment to the declaration to show the damages due, if any, under the foregoing section. This does not mean, however, that the appellant is precluded from pursuing other remedies open to it.
The judgment of the trial court is therefore affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, ROBERTSON and WALKER, JJ., concur.