# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-IA-00478-SCT

*GEICO CASUALTY COMPANY, GEICO*
*GENERAL INSURANCE COMPANY, GEICO*
*INDEMNITY a/k/a GEICO DIRECT, AS*
*SUBROGEE OF FONDA MAGEE*

*v.*

*BENNIE STAPLETON*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/26/2019 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| TRIAL COURT ATTORNEYS: | JOHN H. STEVENS |
| | DAVID LEE GLADDEN, JR. |
| | BRIDGET K. HARRIS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | DAVID LEE GLADDEN, JR. |
| | WHITNEY GLADDEN |
| | DAVID L. CARNEY |
| | BRIDGET K. HARRIS |
| ATTORNEYS FOR APPELLEE: | JOHN H. STEVENS |
| | MARK L. PEARSON |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED AND REMANDED - 04/15/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. Bennie Stapleton sued GEICO for abusing the judicial process after GEICO obtained

a default judgment against him that was later set aside. The instant interlocutory appeal

arises from the Hinds County Circuit Court's denial of GEICO's motion to dismiss Stapleton's complaint on statute-of-limitations grounds. As it happens, the present matter constitutes a moment in which the Court finds it necessary to correct an errant interpretation of our law. The Court now overrules the recent judicial expansion of Mississippi Code Section 15-1-35 (Rev. 2019)[1] because earlier decisions of the Court have strayed too far from the statute's clear text. We affirm the circuit court's order and remand the case for further proceedings consistent with today's opinion.

**FACTS**

¶2.    Bennie Stapleton alleged[2] that in 2004 and 2005, GEICO[3] obtained a default judgment against him for approximately $20,000, which it then attempted to collect. Stapleton ultimately argued that the service of process had been defective, and on December 29, 2016, the default judgment was set aside. GEICO's suit was dismissed on February 6, 2017.

¶3.    On January 8, 2018, Stapleton filed suit against GEICO, alleging that "the proceedings by [GEICO] amounted to an abuse of the judicial process" and that "[GEICO] negligently

---

[1] "All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after." Miss. Code Ann. § 15-1-35 (Rev. 2019).

[2] Because we are reviewing a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6), the above-described facts are drawn from the allegations in Stapleton's complaint.

[3] We use GEICO to collectively refer to the defendants, GEICO Casualty Co., GEICO General Insurance Co., and GEICO Indemnity a/k/a GEICO Direct, as Subrogee of Fonda Magee.

and [tortiously] engaged in invalid collection efforts while utilizing a defective and faulty judgment." The complaint also alleged that GEICO's negligent and reckless conduct had resulted in the suspension of Stapleton's driver's license, damaging his livelihood as a commercial truck driver. Stapleton further alleged that he "was . . . caused severe emotional distress, lost wages, and other damages to be shown at a trial of this matter."

¶4. GEICO responded with a motion to dismiss, contending the statute of limitations had run on Stapleton's causes of action for abuse of process and intentional infliction of emotional distress. The circuit court found that Stapleton's causes of action, as pled in the complaint, could have accrued as late as February 6, 2017, when GEICO's suit against Stapleton was dismissed. If that were the case, Stapleton's complaint was timely filed on January 8, 2018. The Court then granted GEICO's petition for an interlocutory appeal.

**STANDARD OF REVIEW**

¶5. "[T]he application of a statute of limitations is a question of law[.]" *Lyas v. Forrest Gen. Hosp.*, 177 So. 3d 412, 416 (Miss. 2015) (internal quotation marks omitted) (quoting *Sarris v. Smith*, 782 So. 2d 721, 723 (Miss. 2001)). "[T]his Court reviews questions of law . . . de novo." *Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 419 (Miss. 2010) (citing *Stephens v. Equitable Life Assurance Soc'y of U.S.*, 850 So. 2d 78, 81 (Miss. 2003)). When reviewing a trial court's grant or denial of a motion to dismiss for failure to state a claim, the Court likewise employs a de novo review. *State v. Bayer Corp.*, 32 So. 3d 496, 501 (Miss. 2010) (quoting *Webb v. DeSoto Cnty.*, 843 So. 2d 682, 684 (Miss. 2003)). "The Court must accept the allegations in the complaint as true and consider only whether *any* set of facts

3

could support the plaintiff's action." ***City of Vicksburg v. Williams***, 191 So. 3d 1242, 1244 (Miss. 2016).

**DISCUSSION**

¶6. GEICO contended in its motion to dismiss that it was addressing claims of abuse of process and intentional infliction of emotional distress. As to the causes of action alleged in the complaint, Stapleton asserts that he alleged "numerous theories of recovery including negligence and abuse of process."

> *a.* *Interplay of Mississippi Code Sections 15-1-35 through -49.*

¶7. Concerning the applicable statute of limitations, Stapleton acknowledged in his principal brief that "[b]oth parties agree that the statute of limitations period for some of the intended causes of action is one (1) year; however, [they] disagree on when the statute starts to run." Stapleton further specifically conceded that a one-year statute of limitations applied to his claims for abuse of process and malicious prosecution, the only intentional torts he specifically identified in his appellee's brief. Even in his supplemental briefing, Stapleton declined to challenge the Court's holding in ***Jones v. Fluor Daniel Services Corp.***, 32 So. 3d 417, 422-23 (Miss. 2010), that a one-year statute of limitations applies to intentional torts. In fact, Stapleton conceded that "the cause of action for abuse of process is governed by . . . Section 15-1-35" and "the statute of limitations is well settled." As Stapleton himself put it, "the true issue [in this appeal] is when the cause of action accrued."

¶8. Even though Stapleton declined our invitation to challenge our precedent and the Court of Appeals' holding that a one-year statute of limitations applies to claims for

intentional infliction of emotional distress and abuse of process, *see Johnson v. Rhett*, 250 So. 3d 486, 491 (Miss. Ct. App. 2018) ("The statute of limitations for intentional infliction of emotional distress and abuse of process is one year under Mississippi Code Annotated section 15-1-35 . . . ." (citing *Trustmark Nat'l Bank v. Meador*, 81 So. 3d 1112, 1118 (¶ 16) (Miss. 2012); *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1218 (Miss. 1990)), we address *de novo* the interpretation of applicable statutes. For the reasons set forth below, we return to our original interpretation in *Norman v. Bucklew*, 684 So. 2d 1246, 1256 (Miss. 1996) (holding that intentional and/or negligent infliction of emotional distress claims are governed by the three-year statute of limitations), *overruled by Jones*, 32 So. 3d at 422.

¶9.     In *Jones*, the Court overruled the *Bucklew* interpretations of Mississippi Code Sections 15-1-35 and -49 (Rev. 2019). *Jones*, 32 So. 3d at 423 (¶ 23). The *Jones* Court established that the statute of limitations in Section 15-1-35 applies to intentional torts even though they were not enumerated within Section 15-1-35. The *Jones* Court's analysis was guided by the holding of the United States District Court for the Southern District of Mississippi, which disagreed with the *Norman* Court and stated:

> [T]he *Norman* Court did not distinguish between the negligent and intentional infliction of emotional distress torts and instead lumped both together into the category of claims for 'emotional distress' damages . . . [and] did not acknowledge, much less address and reject all of this substantial precedent on the issue of the statute of limitations applicable to claims for intentional infliction of emotional distress.

*Jones*, 32 So. 3d at 423 (¶ 23) (second and third alterations in original) (quoting *Hervey v. MetLife Gen. Ins. Corp. Sys. Agency of Miss., Inc.*, 154 F. Supp. 2d 909, 915 (S.D. Miss. 2001)).

¶10. And the *Jones* Court was equally "convinced that th[e] Court would not have approached the statute of limitations for intentional infliction of emotional distress 'in so cavalier a manner, with nothing more than an oblique reference, unaccompanied by explanation.'" *Id.* (¶ 24) (quoting *Hervey*, 154 F. Supp. 2d at 915). However, as explained below, the Court cannot continue following *Jones*, which to its logical extension allows interpretation of Section 15-1-35 to include an abuse-of-power action "with nothing more than an oblique reference, unaccompanied by explanation." *Id.* (internal quotation mark omitted) (quoting *Hervey*, 154 F. Supp. 2d at 915).

¶11. The *Jones* Court's analysis even acknowledged that

> Th[e] Court has "consistently held in many cases . . . that where a statute enumerates and specifies the subject of things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned or under a general clause, those not of like kind or classification as those enumerated."

*Id.* at 422 (¶ 22) (second alteration in original) (emphasis omitted) (quoting *S.W. Drug Co. v. Howard Bros. Pharmacy of Jackson, Inc.*, 320 So. 2d 776, 779 (Miss. 1975)). As such, the interplay between Sections 15-1-35 through -49 construct an unambiguous directive.[4]

*See* Miss. Code Ann. §§ 15-1-35 to -49 (Rev. 2019).

---

[4] In addition to Section 15-1-35, Mississippi Code Sections 15-1-36 to -47 establish specific statutes of limitation to specifically enumerated torts. *See e.g.*, Miss. Code Ann. § 15-1-36 (Rev. 2019) (establishing a two-year statute of limitations to specific actions for medical malpractice); Miss. Code Ann. § 15-1-41 (Rev. 2019) (establishing a six-year statute of limitations for specific actions arising from construction deficiencies); *and* Miss. Code Ann. § 15-1-45 (Rev. 2019) (establishing a seven-year statute of limitations on specific actions founded on foreign judgments).

6

¶12.    Per the Legislature's own language, Sections 15-1-35 through -47 specify "the subject of things upon which it is to operate" and should be "construed as excluding from its effect all those not expressly mentioned." *Id.* (quoting *S.W. Drug Co.*, 320 So. 2d at 779); *see* Miss. Code Ann. §§ 15-1-35 to -47. By way of contrast, Section 15-1-49 expresses a "general clause." *Id.* (quoting *S.W. Drug Co.*, 320 So. 2d at 779); *see* Miss. Code Ann. § 15-1-49. In short, actions such as intentional infliction of emotional distress and abuse of process are actions without prescribed limitations periods governed by Section 15-1-49. *See* Miss. Code Ann. § 15-1-49(1) (Rev. 2019) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.").

¶13.    The *Norman* Court, while lacking much in the way of explanation, followed the longstanding principle that "[c]ourts have a duty to give statutes a practical application consistent with their wording, unless such application is inconsistent with the obvious intent of the legislature." *Election Comm'n of Edwards v. Wallace*, 143 So. 3d 557, 562 (¶ 12) (Miss. 2014) (alteration in original) (internal quotation marks omitted) (quoting *Miss. Ethics Comm'n v. Grisham*, 957 So. 2d 997, 1001 (¶ 12) (Miss. 2007)). Therefore, the *Norman* Court's application was not inconsistent with the obvious intent of the Legislature.

¶14.    On that basis, the actions at issue do not fall within the specific subjects expressed within Section 15-1-35; they fit comfortably within the general clause expressed by Section 15-1-49. Accordingly, the Court overrules *Jones* to the extent that it applied the one-year statute of limitations in Section 15-1-35 to torts not specifically enumerated by the

7

Legislature in Section 15-1-35, and we return to the Court's original interpretation in *Norman*. Thus, we affirm the circuit court's decision to allow the claims to proceed.

### b. Intentional Tort Claims

¶15. Both parties disagree about the point at which the statute of limitations for Stapleton's causes of action began to run. Based on the above analysis, however, the issue is now moot. The accrual date for Stapleton's claims for abuse of process and intentional infliction of emotional distress accrued, at the latest, on December 29, 2016, the day the default judgment was set aside. Stapleton filed suit on January 8, 2018, which is well-within by the three-year statute of limitations established by Section 15-1-49. Again, the circuit court was correct in allowing Stapleton's claims to proceed.

### c. Negligence Claims

¶16. Negligence claims generally fall under the three-year statute of limitations. *See* Miss. Code Ann. § 15-1-49(1) (Rev. 2019) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued . . . ."). GEICO contends in its reply brief on appeal that Stapleton in fact made no negligence claims in his complaint and that Stapleton first suggested a negligence cause of action in his principal brief on appeal.

¶17. But that is clearly not the case, as Stapleton's complaint repeatedly alleged negligence, specifying that Stapleton was injured by GEICO's negligent collection efforts. Indeed, Stapleton attached a civil cover sheet to his complaint that identifies his primary cause of action as negligence. GEICO's motion to dismiss entirely failed to address the negligence

claims, and thus GEICO has raised the issue for the first time on appeal. "[T]his Court does not consider issues raised for the first time in an appellant's reply brief." *Ray v. State*, 238 So. 3d 1118, 1122 n.3 (Miss. 2018) (citing *Sanders v. State*, 678 So. 2d 663, 669-70 (Miss. 1996)).

## CONCLUSION

¶18. We overrule *Jones* because it judicially expanded the one-year statute of limitations in Section 15-1-35 to include torts beyond the ones chosen by the Legislature and return to the Court's original interpretation as stated in *Norman*. As such, Stapleton's intentional tort claims fall within the general, three-year statute of limitations in Section 15-1-49. Accordingly, we affirm the circuit court's order denying GEICO's motion to dismiss, and we remand for further proceedings consistent with the instant opinion.

¶19. **AFFIRMED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**