JACOB WOLF et al., Plaintiffs in Error, v. JOSEPH JOHNSON, Defend-ant in Error.

1. LANDLORD AND TENANT: TITLE OF LANDLORD WHEN IMPEACHABLE.—As a general rule, the tenant will not be permitted to dispute his landlord's title; but this ap-plies to the title as it existed at the time the lease was made, and does not prevent the tenant from showing any subsequent change in it, occuring either by the act of the landlord himself, or by operation of law.

2. SAME.—A tenant may so far dispute his landlord's title, as to show in de-fence to an action for rent, that since the date of the lease, and before its expi-ration, the title of the landlord to the leased premises has been divested by a sale thereof made under a decree of the court foreclosing a mortgage executed by him.

IN error from the Circuit Court of Wilkinson county. Hon. Stanhope Posey, judge.

Joseph Johnson, the defendant in error, sued Jacob Wolf and Henry Burgower, upon a note made by them payable to him, as administrator of one Joseph Johnson, deceased. The note was

for $300, and given by said Wolf and Burgower, as the amount of the rent for certain premises, belonging to said Joseph, deceased, which was leased to them for the year 1853, by the plaintiff. On the 10th day of May, 1853, the premises were sold by a commissioner of the Chancery Court, under a decree to foreclose a mortgage on the land, executed by said Joseph deceased, in his lifetime, to secure a debt due by him to a third party. At the commissioner's sale, one Stanwood became the purchaser. Wolf and Burgower resisted the collection of the note, on the ground that the sale had divested Johnson's title, and that they were liable to Stanwood for rent during the remainder of the year 1853, from the date of the sale. It appeared that Wolf and Burgower occupied the premises until the expiration of their lease. Verdict and judgment in the Circuit Court for plaintiff. The defendants, Wolf and Burgower, sued out this writ of error.

*D. W. Hurst,* for plaintiff in error.

The reasons that we rely upon for a reversal of the judgment are, that Johnson, the lessor, suffered the leased premises to be sold, and thereby created a liability from his lessees to another. This gives them the right to insist on a failure of consideration, to the extent of that liability. If the rule were otherwise, the lessor would be entitled to recover for rent for the remainder of the year 1853, and also to receive the advantage in the sale of the premises of the price paid,—that is their value; and also to demand rent for the property he had been paid for. Again, the rent, if not due at the time of the sale, is an incident which goes with the reversion, which the purchaser takes. See N. Hamp. R. 484.

*H. F. Simrall,* for defendant in error.

The tenant will not be permitted to deny the title of his landlord, until after restitution of possession to him. *Norton* v. *Saunders,* 1 Dana, 15; *Cook* v. *Foxly,* 5 T. R. 4; *Codman* v. *Jenkins,* 14 Mass. Rep. 96; *Inhabitants of Watertown* v. *White,* 13 Mass. Rep. 481, 482; *Binney* v. *Chapman,* 5 Pick. 129; *Boston* v. *Binney,* 11 Pick. 8.

2. Burgower and Wolf did not cease to be tenants of Johnson, and

become tenants of Stanwood, by the sale. They had no right to attorn to Stanwood without the consent of Johnson, Hutch. Code, 616, § 31 ; and without such attornment, Stanwood could not have maintained *assumpsit,* or any sort of action sounding *ex contractu,* against them for the occupation of the premises. His remedy was by action of trespass, and if he had seen proper to institute suit and to recover damages against Burgower and Wolf, they then could have sued Johnson ; and this was the proper course to pursue. The present defence cannot be admitted, without a violation of well-settled principles established by the authorities above cited.

FISHER, J., delivered the opinion of the court.

This was an action founded upon the promissory note of the defendants, in the Circuit Court of Wilkinson county.

The defendants resisted payment, on the ground that the note was given for the lease of certain premises for the year 1853, and that the property was sold on the 10th of May, of that year, under a decree foreclosing a mortgage, executed by the owner of the property, in his lifetime.

The property having been purchased by a third party under this decree, the question is, whether the tenants can resist payment to their lessor, who was the administrator of the mortgagor.

It is a very familiar rule, that a tenant shall not dispute the title of his landlord.

But this only applies to the title which the landlord had at the time the lease was made : the tenant may show that the landlord's title has passed by operation of law to another, or that the landlord has himself transferred it without reserving the rent, or that it has been sold under a judgment or decree, all after the contract of lease was entered into between the parties. *Jackson* v. *Rowland,* 6 How. 670.

Judgment reversed, and cause remanded.