## J. O. JOHNS v. JOHN McDANIEL.

LANDLORD AND TENANT. *Notice to quit. License.*

One who occupies land under a mere license, without any estate in it, is not a termor or entitled to notice to quit, before he can be ejected at the suit of the land-owner.

APPEAL from the Circuit Court of Franklin County.

Hon. J. B. CHRISMAN, Judge.

Ejectment by the appellee against the appellant, who the evidence showed held the land and cultivated it by permission of the former, without any lease or express contract whatever since 1867, when he first took possession by McDaniel's license. The court charged, for the plaintiff, that the possession, in the absence of proof to the contrary, was presumed to be under the legal title and not adverse, and refused to instruct for the defendant that Johns was entitled to notice to quit before McDaniel could terminate the tenancy.

*Sessions & Cassedy*, for the appellant.

The appellee's title is not disputed, but his right to the immediate possession of the land is denied. Johns held from year to year, and a demand and notice to quit was necessary before McDaniel could be entitled to possession. Sedgw. & W. on Tr. of Tit., sect. 373; *Martin* v. *Watts*, 7 T. R. 79; *Usher* v. *Moss*, 50 Miss. 208.

*W. P. Cassedy*, for the appellee.

A tenant at will or sufferance is not entitled to notice to quit. Code 1880, sect. 1883. A tenant who holds over after the expiration of his term, or after it has become forfeited by non-payment of rent, is here classed with the mere licensee, and the trespasser, and each may be ejected without notice. A tenancy from year to year cannot be presumed where the original holding is by permission of the land-owner, and subject to his will, or is a mere tenancy at sufferance. Notice to quit is necessary "only where the term is not to expire at a fixed time." Code 1880, sect. 1330. But a licensee

or trespasser has no term to expire, and may be ejected like a tenant whose term had been forfeited or come to an end.

CAMPBELL, C. J., delivered the opinion of the court.

The appellant was a mere licensee as to the occupancy of the land, He had no estate in it. There was no term, and he was not a termor, and was not entitled to notice to quit. Wood's L. & T., sect. 227, *et seq.;* Taylor's L. & T., sects. 25, 60, 471.

Judgment affirmed.