ADA R. WALKER ET AL. *v.* WILLIAM H. HARRISON ET AL.

TAX TITLE.  *Landlord and tenant.  Purchase by tenant.*

> A tenant cannot, as against his landlord, acquire title to lands sold for taxes while he is in possession, but may acquire the state's title to the leased premises, if sold to the state for taxes prior to his possession.

FROM the chancery court, second district, of Coahoma county.

HON. A. H. LONGINO, Chancellor.

The facts are stated in the opinion of the court.

*J. W. Cutrer,* for appellants.

Appellants, being the owners of the property, and having leased the same to appellee, Coats, he, Coats, cannot be suffered to acquire any tax title in derogation of their interest, and this disability extends to appellee, Harrison, who jointly purchased with Coats from the state. This position is supported by the case of *Brockett* v. *Richardson,* 61 Miss., 766. Our court has held, without exceptions to the rule, that a tenant cannot acquire a tax title in derogation of the landlord's title. *Gaskins* v. *Blake,* 27 Miss., 675; *Allen* v. *Poole,* 54 *Ib.,* 323; *Robinson* v. *Lewis,* 68 *Ib.,* 69; *Jones* v. *Merrill,* 69 *Ib.,* 747; *Clark* v. *Rainey,* 72 *Ib.,* 151; *Lyebrook* v. *Hall,* 73 *Ib.,* 509; Black on Tax Titles, sec. 145. It was error to sustain the demurrer and dismiss the bill.

*D. A. Scott,* for appellees.

The following authorities will be found to sustain the decree appealed from: *Nellis* v. *Lathrop,* 22 Wend. (N. Y.), 121;

*Elliot* v. *Smith*, 23 Pa. St., 131; *George* v. *Putney*, 4 Cush. (Mass.), 358; *Conley* v. *Stanfield*, 10 Texas, 546; *Wells* v. *Sherrer*, 78 Ala., 142; *Houston* v. *Ferris*, 71 Ala., 570; 12 Am. & Eng. Enc. L., 703; *Betterson* v. *Budd*, 65 Am. Dec., 442. And the question is absolutely put at rest in this state. *Rives* v. *Nesmith*, 64 Miss., 807.

TERRAL, J., delivered the opinion of the court.

Mrs. Ada Renfro Walker and Mrs. Criss brought their bill to the June term, 1897, of the chancery court of Coahoma county, against W. H. Harrison and J. R. Coats, alleging said complainants, on and before the first Monday of March, 1893, to have been the legal owners of the S. E. $\frac{1}{4}$ and E. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of sec. 1, T. 25, R. 3 west, in said Coahoma county, by the adverse possession thereof for more than ten years; that on the said first Monday of March, 1893, said tracts of land were sold by the tax collector of said Coahoma county for the taxes assessed and due thereon, when the same were struck off and sold to the state of Mississippi; that prior to the first day of January, 1897, the defendant, J. R. Coats, became the tenant of complainants, and took possession of said lands under a regular rental contract therefor; and that on February 19, 1897, said J. R. Coats and W. H. Harrison bought said tracts of land from the state of Mississippi for the sum of $507.75, and received a deed therefor. The prayer of the bill is for the cancellation of the deed made by the state to Coats and Harrison as a cloud upon complainants' title, or, if that may not be done, that complainants be allowed to redeem said lands from said purchasers by paying them the sum paid by them therefor. A demurrer to the bill was sustained, hence this appeal.

A tenant, in the possession of land at the time of its sale for taxes, is under obligation to pay the taxes, and therefore cannot buy so as to obtain title as against his landlord. The land itself is, in fact, the debtor to the public, and *prima facie* it is the tenant's tax, because all the remedies are against him.

Ordinarily, one who voluntarily pays the debt of another cannot recover the sum paid, but taxes paid by the tenant is not a voluntary payment.　1 Taylor's Landlord and Tenant, sec. 395; *Carter* v. *Carter*, 5 Bing., 406.　Coats, however, was not in possession when the lands were sold for taxes, and his subsequent taking possession of them under a contract of rental did not preclude him from buying the paramount title from the state.　*Rives* v. *Nesmith*, 64 Miss., 807; Tiedeman on Real Property, sec. 199.

*The decree of the chancery court is affirmed.*