GALLOWAY *et al. v.* INGLIS.[*]

(Division B.　March 9, 1925.)

[103 So. 147.　No. 24710.]

1. EQUITY. *Vendor and purchaser. Vendor cannot sue to dispossess buyer to whom wrong tract of land was conveyed without tendering proper conveyance or returning purchase money; he who comes into equity must come with clean hands.*

Where a person sells another a tract of land, pointing out the
particular tract for inspection and putting the buyer in posses-
sion, but executing a deed to another and different tract of land,
he cannot maintain a suit in equity to dispossess the buyer un-
less he has tendered a proper conveyance so as to give title to the
land occupied or has returned the purchase money paid.   He
who comes into equity must come with clean hands.

2. VENDOR AND PURCHASER.  *Vendor inaccurately conveying land can-
not foreclose deed of trust containing inaccurate description, or
sue to dispossess purchaser until he tenders proper deed and it
has been refused.*

Where a vendor executed a deed inaccurately conveying the land
agreed to be conveyed, and is notified of the defect and that be-
cause thereof the purchaser will not pay the balance until a
proper deed is made, the vendor cannot foreclose a deed of trust
containing an inaccurate description, and cannot institute pro-
ceedings in chancery to dispossess the vendee and cancel claims
of other parties unless and until he has tendered a proper deed
and it has been refused.

3. LANDLORD AND TENANT.  *Vendor and purchaser.   Purchaser put in
possession of land to which vendor had no title may, without
moving off place, lease or buy from person who has superior title;
purchaser or tenant may dispute title of vendor or lessor who
never had title, if there has been constructive eviction.*

Where a buyer is put in possession of a piece of land to which the
seller had no title and a third person asserts a superior title
which the vendee could not defend against, the vendee may,
without actually moving off the place, lease or buy from the per-
son who has the superior title.   The vendee or tenant may dis-
pute the title of a seller or lessor who never had title where
there has been a constructive eviction.

*Headnotes 1.  Equity, 21 C. J., section 163; Vendor & Purchaser, 39
Cyc., p. 1894 (1926 Anno);  2. Vendor & Purchaser, 39 Cyc., p. 1894
(1926 Anno);  3. Landlord & Tenant, 36 C. J., section 1003; 35 C. J.,
section 586; Vendor and Purchaser, 39 Cyc., pp. 1615, 1616, 1618.

APPEAL from chancery court of Harrison county.

HON. V. A. GRIFFITH, Chancellor.

Suit by R. Inglis against C. D. Galloway and another.
From judgment for complainant, defendants appeal.   Re-
versed and dismissed.

*J. F. Galloway* and *T. M. Evans,* for appellants.

The conduct of the appellee herein, in pointing out to the appellant, C. D. Galloway, land to which he had no claim or shadow of title, and executing a conveyance to the land which he did have claim of title to, in another section, the same being a distance of approximately a mile from the land pointed out as the land conveyed, and his receiving payment for the same, constituted a fraud upon the appellant, C. D. Galloway, regardless of whether or not R. Inglis knew he had no title to the land in question, or that the land he was conveying was situated in another place. However, the record shows that he had been informed, and it is not disputed on this fact. *Parham* v. *Randolph,* 4 How. 449; 2 Story's Equity 202; *McFerran* v. *Taylor,* 3 Cranch 270, 2 L. Ed. 436.

It is laid down in *Bumpas* v. *Planter,* 1 J. C. Rep. (N. Y.) 213, and *Abbott* v. *Allen,* 2 J. C. Rep. (N. Y.) 519, 7 Am. Dec. 554, that if there is no eviction, in an executed contract the purchaser must resort to his covenants but this rule is certainly not without its qualifications. See also, *Puckett* v. *McDonald,* 6 How. 277; *Kirkpatrick* v. *Miller,* 50 Miss. 527; *Fricks* v. *Miller,* 22 So. 146; *Boone et al.* v. *Childs et al.,* 9 L. Ed. (U. S. 405; *Shaw* v. *Lacy,* 74 So. 935.

Certainly the appellee, Inglis can have no standing in a court of equity, without first having offered to do equity by tendering to the appellant, C. D. Galloway a good and sufficient title to the land, describing the land, which he had pointed out as aforesaid; or, offering to repay said Galloway the purchase money which he had collected from him and, also, tendering or offering to pay said Galloway by reason of the mistake aforesaid. *Miller* v. *Palmer,* 55 Miss. 335.

We do not think that the contention of the appellee herein, that C. D. Galloway and Mary A. Galloway, are, or were his tenants, and are, therefore, estopped from disputing his title is sound, under the facts of this case.

His own pleadings show that Galloway was let into the possession of this property through the misrepresentation of Inglis, or his agents, in pointing it out to him as Inglis' land, and executing a warranty deed to him for other land. *Shearer* v. *Winston,* 33 Miss. 149.

*J. L. Taylor,* for appellee.

In my view of the case, it must turn on the proposition whether C. D. Galloway, having been put into possession of said lands by Inglis, can thereafter deny his title.

Since C. D. Galloway and his wife were admitted to entry of the lands by Inglis and claimed by no other right than the conveyance from Inglis, they could not dispute the title of Inglis. The court held that we had not shown a sufficient record title, and this was due to the lands being in the Spanish Grant, as aforesaid, but the complainant had shown adverse possession and the chancellor found that R. Inglis had been in adverse possession of the land for more than ten years, counting Galloway's possession under Inglis in the time. *Cromwell* v. *Addison,* 47 Miss. 44; *Wade* v. *Thompson et al.,* 52 Miss. 367; *Harkreader* v. *Clayton,* 56 Miss. 383; *Holman* v. *Bonner et al.,* 63 Miss. 131; *Como* v. *Pointer et al.,* 87 Miss. 712; *Wade et al* v. *Barlow,* 54 So. 662.

In the case at bar, the chancellor ascertained and found that Inglis had ten years adverse possession to this property by actual occupancy, counting the time that his tenant, Galloway, occupied the property. 10 R. C. L. 787; 1912-C Ann. Cas. 402.

So we have Galloway buying a piece of land from Inglis on a credit and Inglis putting him into possession and Galloway refusing to pay the purchase price and the forclosure made and Inglis purchasing the property at the trustee's sale, and Galloway refusing possession and now asking the courts to permit him to retain possession of this property and I submit in view of the law cited above that he is not entitled to retain possession but that the case should be affirmed.

Argued orally by *T. M. Evans* and *J. F. Galloway,* for appellants.

ETHRIDGE, J., delivered the opinion of the court.

The appellee, R. Inglis, was complainant and filed a bill in the chancery court alleging that he was the owner in fee simple of certain lands described in the bill, the bill covering two separate tracts of land, and deraigns his title thereto. It is further alleged that the defendants are making some sort of pretense or claim to both tracts of land by virtue of a deed from certain parties named therein to B. B. Galloway, one of the defendants, and also a purported lease from B. B. Galloway to Mary A. Galloway, the wife of C. D. Galloway, which last conveyance operates as a cloud, doubt, and suspicion on the title of complainant, and that the defendants have no title or interest in said property. It is further alleged that complainant had been in the open, notorious possession of said lands for more than thirty years. It is further alleged that the complainant is now in the possession of the first of said named tracts, and that he is entitled to the possession of the second-named tract upon which were growing certain orange trees, and that the defendant C. D. Galloway was cutting large branches off of said orange trees and practically destroying such trees, and would continue to do so unless restrained; said acts being against the will and consent of complainant. It is further alleged that the defendant C. D. Galloway is insolvent and cannot be made to respond in damages for the cutting of the orange trees, and prayed for an injunction against the defendants restraining them from further cutting said trees, and for a final decree canceling the deeds to B. B. Galloway, and for a writ of possession, and for general relief.

The defendant B. B. Galloway denied that the complainant was the owner of said tracts of land, and denied that the property claimed and occupied by the defend-

ant was the property of the complainant or that the complainant had any right, title, or interest therein. The defendant admits that he acquired possession and title to the land under the deeds which his answer sets forth, but denied that such lands were the lands owned by the complainant. The defendant B. B. Galloway denied further that the deeds set forth in the deraignment of title in complainant's bill vested any right, title, or interest in the complainant to the property occupied and claimed by the defendants. The defendant B. B. Galloway admits that he is in possession through the lease to Mrs. Mary A. Galloway as alleged in the bill. The answer then sets forth the description of the property claimed and owned by the defendant and deraigns his title thereto. The defendant B. B. Galloway also admits that the complainant is in the possession of the first of the described tracts of land, but denies his title thereto or his interest therein. The defendant B. B. Galloway further alleged that the defendant also had title by adverse possession of himself and his predecessors in title claiming to be the owner thereof both under record color of title and by actual possession. Defendant B. B. Galloway also denied that the complainant had been in possession of such property or had any possession for such time as would confer title on him, and further denied that complainant is entitled to an injunction to prevent the cutting of the orange trees which he alleges are situated on the property of the defendant, and denies complainant's right to have a writ of possession for said tract of land, and denies that complainant is entitled to any relief whatsoever.

The defendants C. D. Galloway and Mary A. Galloway, wife of C. D. Galloway, adopt the answer of B. B. Galloway as their answer in all respects. The defendant C. D. Galloway, further answering, denies that he is cutting off large branches of said orange trees and practically destroying them and will continue to do so unless restrained, etc.; and said defendant, C. D. Galloway, says

that he cut and removed a few small branches from said orange trees under the advice and instruction of the United States Government Plant Inspectors, and that such cutting was done to protect and preserve said orange trees and not to injure them; that such trimming was necessary in order·to properly preserve, protect, and cultivate said orange trees; and denies that such orange trees or the land on which they are situated are the property of complainant, or that complainant has any right, title, or interest therein; and denies that he has caused or permitted said trees to be injured in any manner whatsoever; and denies that complainant is entitled to any relief.

It appears from the testimony that the complainant, Inglis, had formerly executed a deed to C. D. Galloway for the lands described in the bill of complaint, said C. D. Galloway making certain payments thereon; that said C. D. Galloway was shown and sold a tract of land situated in a different section and that he entered into possession of the tract which was shown to him as being the tract of land he had bought but which land was not described in the deeds to him, and that said C. D. Galloway made certain improvements upon the said tract of land; that he afterwards discovered that his deed did not convey the tract of land which he had entered upon, but that the description of the land was land situated in another section, which land was about a mile distant from the land which he was occupying; that defendant C. D. Galloway thereupon declined to make further payments on the land, and the complainant, without tendering him a deed correctly describing the land or taking any proceeding to have the title adjudicated in him, proceeded to foreclose the deed of trust given by C. D. Galloway which described the land which the deed to C. D. Galloway described. It also appears that after this foreclosure proceeding was begun, two ejectment suits were filed against C. D. Galloway to the two tracts of land and possession of the first tract awarded by judgment to Inglis. The sec-

ond suit, or the suit to the second tract of land, was defended by the defendant C. D. Galloway, and the defendant B. B. Galloway was brought in as the owner to defend title, and such suit was still pending at the time of the filing of the bill of complaint above referred to.

Surveys of the land occupied by C. D. Galloway and his wife, Mary A. Galloway, were made by surveyors, and the land was located in a different section, to-wit, section 22. The lands described in the bill were located in section 9.

Proof was taken before the chancellor, and the conveyances referred to in the deraignment of title were introduced in evidence and showed that the complainant did not have title to the lands occupied by the Galloways. In other words, the proof introduced by the complainant failed to make out a case, and the bill was not amended so as to pray for a reformation of the deeds involved; but at the conclusion of the testimony the complainant, recognizing that he could not recover as against B. B. Galloway, requested and was allowed to dismiss the bill as to B. B. Galloway without prejudice, but the bill was retained against C. D. Galloway and his wife. Mary A. Galloway, and the court found that the proof did not sustain title by adverse possession on the part of the complainant to the said land, and recognized that the complainant had failed to establish title either by a paper title or by adverse possession, but held that as C. D. Galloway had been put in possession of the land under the deed executed by Inglis, C. D. Galloway could not dispute the title of Inglis and could not set up in defense of that suit the title of B. B. Galloway and the lease from B. B. Galloway to Mary A. Galloway, and entered judgment dispossessing the defendants C. D. Galloway and his wife, Mary A. Galloway, from which decree this appeal is prosecuted.

Appellants contend that appellee, Inglis, could not maintain the suit because of his conduct in pointing out to C. D. Galloway land to which he had no claim or

title and in executing a conveyance to land in another section approximately a mile away from the land pointed out to C. D. Galloway, and receiving payment for the land under such circumstances was a fraud upon C. D. Galloway regardless of whether Inglis knew he had no title to the land in question or that the land he was conveying was situated in another place, and that he had been informed of this fact before the filing of his bill of complaint, and that such acts and conduct on the part of Inglis would make him come into court with unclean hands, and that therefore he was not entitled to equitable relief. Appellant relied upon *Parham* v. *Randolph,* 4 How. (Miss.) 435, at pages 449-452, 35 Am. Dec. 403, and the authorities therein cited; *Shaw* v. *Lacy,* 199 Ala. 450, 74 So. 933, at page 935; *Kimbrough* v. *Curtis,* 50 Miss. 117; and *Miller* v. *Palmer,* 55 Miss. 323, at pages 335, 344. See, also, Bobbs Merrill Digest, Equity, section 65; *Walton* v. *Tusten,* 49 Miss. 569.

We think that the contention that the complainant, Inglis, had no standing in a court of equity under the facts appearing in the record is well taken. The complainant was at fault in pointing out to C. D. Galloway one tract of land and in making his deed to Galloway to another tract and accepting Galloway's money therefor. It was the duty of the complainant to make a deed correctly describing the land which was pointed out to and the possession of which was entered into by Galloway under the transaction. When Galloway refused to make further payments on the contract because of this erroneous description, it was then the duty of Inglis, on being informed of the error, to proceed to correct it, and if he did not own the land, to acquire it and to make C. D. Galloway a proper deed to the land which was shown him, and to tender such deed before proceeding to foreclose and dispossess the Galloways.

As appears from the record before us, the title did not cover the land in controversy and Inglis had no title by adverse possession thereof. The record fails to show

that Inglis did what he ought to have done to perfect the contract between himself and C. D. Galloway so as to give C. D. Galloway the proper title to his land. While ordinarily a person who is put in possession of the tract of land cannot dispute the title of his vendor or of his lessor, the rule should not be applied to cases like the one before us where the vendor committed a legal fraud and conveyed no title and owned none. The complainant is in a court of equity and must do equity as a condition of recovery, and to do equity in this case would require either that he tender Galloway a proper and sufficient deed before filing suit, and to make the tender, if not accepted when first made, with his bill of complaint, or to return or offer to return the purchase money collected.

The bill in the present case was filed against B. B. Galloway, who claimed to be the owner and who had leased the premises in controversy to Mary A. Galloway. The rule is that the complainant must prevail on his own title. *Ellis* v. *Murray,* 28 Miss. 129; *Shearer* v. *Winston,* 33 Miss. 149.

In the case in the circuit court the defendant, C. D. Galloway, had B. B. Galloway brought into court to defend the title, C. D. Galloway was in possession from the sale from Inglis before B. B. Galloway, claiming to be the owner of the land, had leased it to Mary A. Galloway according to the allegations of the bill. In such case it was the duty of the complainant to establish his title to the land in controversy, and his refusal so to do, B. B. Galloway having apparently a superior title, is equivalent to an eviction. Actual ouster is not always necessary to constitute an eviction. *Kirkpatrick* v. *Miller,* 50 Miss. 521; *Puckett* v. *McDonald,* 6 How. (Miss.) 269; *Frix* v. *Miller,* 115 Ala. 476, 22 So. 146, 67 Am. St. Rep. 57; *Miller* v. *Palmer,* 55 Miss. 323.

In 24 Cyc. at page 1133, it is said: "Where a third party establishes a title to the demised premises superior to that of the lessor and takes possession by virtue of such title, the lessee is evicted by what is termed title paramount. The mere existence of an outstanding title

which is paramount to that of his landlord is no defense by a tenant to an action for rent, since there must be an ouster or disturbance by means of it to amount to an eviction. However, since actual ouster is not necessary in order to constitute an eviction, if a lessee, to prevent being actually expelled from the demised premises, yields possession thereof, and attorns in good faith to one who has a title paramount to that of the lessee and his lessor, and also a right to immediate possession, this is equivalent to an actual ouster.''

In 24 Cyc., p. 947, it is said: ''. . . A tenant may dispute the title, as against the original landlord, without surrender of possession, where it has been legally extinguished or determined so that it no longer exists, or where the tenant has been actually or constructively evicted.''

On the facts contained in the record before us we think that the chancellor was in error and that the judgment should have been to dismiss the bill against C. D. Galloway and his wife, Mary A. Galloway.

Therefore the cause will be reversed and the bill dismissed.

*Reversed and dismissed.*