Hume *et al. v.* R. Inglis Co.

(Division B.   May 12, 1931.)

[134 So. 137.   No. 29116.]

252

Gardner, Brown & Backstrom and **J. F. Galloway**, all of Gulfport, and **J. T. Hume**, for appellants.

J. F. Galloway, of Gulfport, for appellants.

R. C. Cowan and J. L. Taylor, both of Gulfport, for appellee.

Argued orally by **Oscar Backstrom**, for appellant.

**Ethridge, P. J.,** delivered the opinion of the court.

This suit was originally filed by R. Inglis to cancel. certain deeds and to reform certain deeds and to confirm title to the property described in the bill. The cause was first brought here in a suit between R. Inglis and C. D. and Mary A. Galloway and B. B. Galloway, and is reported as Galloway v. Inglis, 138 Miss. 350, 103 So. 147, where the facts as they existed at that time are fully set forth. Prior to the bringing of this appeal, and at the hearing of the cause originally, Inglis dismissed the bill without prejudice as to B. B. Galloway and recovered judgment against C. D. and Mary A. Galloway in said suit for certain moneys representing rents, etc., which judgment was reversed and bill dismissed on that appeal.

There had been no amended or new bill filed against B. B. Galloway at the time of that decision nor during his lifetime, but some five or six months after the original bill was dismissed by this court as against C. D. and Mary A. Galloway the present bill was filed, making B. B. Galloway, C. D. Galloway. Mary A. Galloway, John T. Hume, and Mrs. Helen McNair and other persons

parties to the present bill. After R. Inglis died, and before the present suit was filed, the heirs of R. Inglis conveyed the alleged lands claimed, or the rights that R. Inglis and his heirs had thereto, to the R. Inglis Company, a corporation. In the meantime, B. B. Galloway had sold to Mrs. Helen McNair the lands embraced in the former suit between R. Inglis and C. D. and Mary A. Galloway for a valuable consideration, and subsequent to the dismissal of the bill and before any amended or supplemental or new bill was filed. Mrs. McNair had in turn sold the lands to Hume for a valuable consideration. No new rights or deeds were acquired by R. Inglis or R. Inglis Company to those embraced in the former suit. The deeds involved in the former suit, and also in this suit, did not correctly describe and locate the lands involved, and there was a prayer for reformation of the deeds, and many of the parties in the present suit were made parties for this purpose only.

It was held in the former case that Inglis had neither record title nor adverse possession title, and that the Galloway title was superior to that of Inglis. In the former case it was earnestly contended that C. D. and Mary A. Galloway could not challenge the title of Inglis because they were placed in possession of the lands by Inglis and could not dispute his title. A reference to the former decision will disclose that it was therein decided that B. B. Galloway's title was superior to that of Inglis, and for the reason that Inglis had no title either by record or adverse possession that C. D. and Mary A. Galloway were not estopped to dispute his title, but could attorn to the real owner, B. B. Galloway, authorities being cited to show that, under the law of this state, where a vendor or landlord had no title and another person did have title, the parties being in possession of the land as purchasers or tenants would not have to abandon the land and yield possession to their vendor

or landlord, but could contract·with the true owner without physically surrendering the property to the person from whom they acquired the possession. This necessarily involved the question as to whether B. B. Galloway had title to the land and whether Inglis had any title, and we think is conclusive upon the present litigation. In other words, it constitutes res adjudicata between the title of R. Inglis and B. B. Galloway as it stood at that time. Upon no other theory could the judgment of the court be founded.

It is true that the bill had been dismissed as to B. B. Galloway without prejudice, but it was necessary for the court to consider the title of R. Inglis and that of B. B. Galloway to properly decide the issues there involved. B. B. Galloway had been made a party to the suit when it was originally filed, and the dismissal without prejudice against him was taken over his objection and protest. C. D. Galloway and Mary A. Galloway, however, depended upon the superiority of the title of B. B. Galloway over that of R. Inglis, and the judgment of the court decided that issue in favor of C. D. and Mary A. Galloway. No new rights were acquired by R. Inglis. His title deeds were not effective as conveyances, and did not convey the land. He did not promptly file a new bill against B. B. Galloway so as to save his rights from being adjudicated in the final judgment between C. D. and Mary A. Galloway on the one hand and R. Inglis on the other. Nothing was done by R. Inglis in reference to the matter, and Mrs. Helen McNair and the appellant John T. Hume acquired their rights for a valuable consideration after the judgment of this court had been rendered and become final, adjudging B. B. Galloway's title superior to that of R. Inglis.

We pointed out in the former opinion that Inglis also had no standing in court because he had not done equity by tendering a proper deed to C. D. Galloway and Mary

A. Galloway in accordance with his contract and agreement prior to the alleged foreclosure, and that he could not foreclose the deed of trust given by Galloway which carried the same wrongful description as the deed of Inglis to Galloway, without first tendering Galloway a valid deed conveying the lands by proper description which he had pointed out to Galloway and placed him in possession of. In the present bill there is likewise no doing of equity on the part of the complainants. They are without standing in a court of equity, and the chancellor below was in error in rendering a decree in favor of R. Inglis Company. The judgment of the court below will therefore be reversed and a judgment entered here dismissing the bill.

Reversed, and bill dismissed.

**Griffith, J.**, took no part in this decision.