ACOFF *et al. v.* ROMAN.

(Division B. Feb. 25, 1935.)

[159 So. 555. No. 31579.]

**B. B. Carmichael**, of Greenville, for appellants.

**S. V. Anderson** and **D. S. Strauss,** both of Greenville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee brought an action of ejectment against appellants, and on trial introduced his tax deed to the land in issue, and rested. It appears, however, in the evidence introduced by the defendants, appellants here, that there

is a deed of record to appellants; but this deed is not in the transcript and thus it is not shown who was the grantor therein.

Appellants requested a peremptory instruction upon the ground, among others, that there was no proof that the title to the land has passed out of the United States government. This point has not often directly arisen either in this state or elsewhere, that is, whether, in addition to the introduction of the tax deed, it is necessary to show that the title has passed out of the government, so as to become the subject of taxation.

Because of the fact that the divestiture of the title of the owner by tax sale is in invitum as to him, and is often for a trifling consideration in comparison with the actual value of the property and more often still is brought about because of unfortunate financial conditions, rendering the owner helpless, the common law indulges no presumptions in favor of the validity of tax sales, and except as modified by statute, the tax title claimant has the burden to affirmatively prove substantial compliance with every step necessary to make out a valid tax title. In the course of time, however, because of loss or confusion in the multitude of taxation records in the courthouses of the country, rendering tax titles of but little practical value, statutes were enacted making tax deeds prima facie evidence of their validity.

Our statute, sec. 1578, Code 1930, reads as follows: "A conveyance made by a tax-collector [now by the chancery clerk] to an individual purchaser of land at a sale for taxes, and the list of lands sold to the state at such sale, shall be prima facie evidence that the assessment and sale of the land were legal and valid."

This statute is capable of two constructions. One construction is that since there can be no legal and valid assessment until the land has passed out of the sovereign and has become subject to assessment, the statute includes within its prima facie effect as evidence the fact

that the land had passed out of the sovereign and was subject to assessment. The other construction, and which seems to us to be more in accord with general principles in such matters, is that the statute includes within its purpose all those steps which the taxing authorities were authorized to take under the taxing laws of the state, which they had the jurisdiction and power to take, but does not include the fundamental fact of jurisdiction of the res, which jurisdiction is not present if the property is owned by the sovereign, and particularly if the sovereign is the United States. But if the two constructions were evenly balanced as to anything that has already been said, there enters, in favor of the latter construction, the consideration that since the grant by the sovereign, particularly by the United States, is in nearly all cases capable of easy proof, there being usually no confusion or loss of records as to these sovereign grants, the omission of that proof is not within the evils sought to be remedied by the statute. And there is the further practical consideration that there is but little, if any, service to be rendered or good to be done by allowing litigation over tax titles between private parties when it turns out, as it may, when the proof herein dealt with is not made, that the title to the land has never been granted by the sovereign and that the courts, in dealing with such pretended tax titles, have been wasting their time and expense of court sessions, in dealing with nullities.

But we are not to be understood, in what is herein said, as including land once validly granted by the sovereign but which has since been reconveyed to the sovereign, particularly as in nearly all such cases the land has reverted to the sovereign by tax sales. We are dealing here with the original grant of title by the sovereign, reserving the further question mentioned in this paragraph until it shall be distinctly presented.

We have thus far discussed the matter as if res nova

in this state. There are three cases which have dealt with the question. The first, apparently, is Chamberlain v. Lawrence County, 71 Miss. 949, 15 So. 40, which held, without comment, that the tax deed to sixteenth section lands was prima facie evidence that a lease thereof had been made. This case is of but little service, however, because of the subsequent case, Leflore County v. Bush, 76 Miss. 551, 25 So. 351. The point seems not to have again directly arisen until in Lyon Company v. Ratliff, 129 Miss. 342, 353, 92 So. 229, 230. In that case there was under review a proceeding to confirm a tax title; the tax deed had been exhibited with the bill; the defendant had been personally served; there was a decree pro confesso, and a final decree. But the bill had failed to allege that at the time of the tax sale the title had passed out of the United States government; and of it this court said: "In the case before us there was an utter failure to show that the title had passed out of the United States government, and therefore the failure to show a valid tax sale."

Since the rendition of the opinion last cited, it has been accepted by bench and bar as settled in this state that in bills to confirm tax titles it is necessary to allege and show that the title has passed out of the government, and that the exhibit and proof of the tax deed does not operate to supply the particular essential mentioned. Inasmuch as that case holds—and if there be any doubt as to its effect, we now so hold—that it is necessary in a tax title confirmation case to allege and prove the title out of the government, with equal reason it must follow that in any other case where a party relies on a tax title, he must make like proof in addition to his tax deed. And certainly so in an ejectment case where the plaintiff must show in himself a valid, paramount legal title.

Appellee does not in his brief or argument controvert the legal conclusion as stated upon the point above dis-

cussed, but argues that the point is not available to appellants, because, as appellee contends, the title is from a common source, and that it is not necessary to extend the proof back of that source. The proof shows that appellee claims under a tax deed executed by the chancery clerk after the period of redemption had expired, while appellants claim by a private deed of conveyance from a grantor whose identity is not disclosed by this transcript. The argument would seem to be, therefore, not that there is a common source of title, but that because appellants had a deed to the land, the tax deed was equivalent of a deed from appellants, the claimants of the land, to appellee, the tax deed grantee. If the tax deed were in all respects a valid tax deed, its operation to divest the title out of appellants and to vest it in appellee would be as effective as a quitclaim deed from appellants to appellee; but this consideration does not advance the case a step further for the reason that the tax deed here in question is not shown to be a valid tax deed. Government lands are not taxable, and, as we have already said, there is no sufficient showing of a valid tax deed until it has been shown that the lands have become taxable by becoming the subject of private ownership. If the land has not passed out of the government, the tax deed is a nullity; and a plaintiff in ejectment cannot recover on a title which is a nullity, whatever the title of the defendant may be, or even if the title of the defendants be also a nullity.

Nor is the case aided by any presumption of a grant from the sovereign which may be raised from the long-continued, peaceable possession of real property, accompanied by the usual acts of ownership, Caruth v. Gillespie, 109 Miss. 679, 68 So. 927, for the reason that there is no proof in this case of any such long-continued possession and acts of ownership.

Reversed and remanded.