ABLES *v.* FORRESTER.

(Division B. June 13, 1938.)

[181 So. 913. No. 33283.]

V. B. Montgomery, of Belzoni, for appellant.

**R. H. Nason**, of Belzoni; for appellee.

Argued orally by **V. B. Montgomery**, for appellant.

**Anderson, J.**, delivered opinion of the court.

Appellee, Forrester, filed his bill in the chancery court of Humphreys County against appellant, Ables, to establish his title to one hundred and sixty acres of land in that county and to cancel the claim of Ables thereto and for possession of the land. The cause was tried on bill, answer and proofs resulting in a decree in Forrester's favor, from which decree Ables appeals.

Forrester relies for title on a forfeited tax sale patent from the state. The bill charges that Ables also relies on a forfeited tax sale patent from the state, but that Forrester's is prior in date and in right. Both patents are described in detail in the bill.

Ables answered, including therein a demurrer to the bill. The answer admitted the issuance of the two patents and the priority in date of Forrester's, but averred that it was without validity because the bill failed to allege that at the time of the assessment and sale of the land to the state for its taxes the title had passed out of the United States, and further averred that as a matter of fact the title had never passed out of the government. The answer averred further that Ables was the true owner of the land and in possession but failed to deraign title. On the trial no evidence was offered that title had passed out of the government.

Both patents were issued under the same tax sale to the

state, therefore if one was void because the title had not passed out of the government, both were. Forrester, however, under the law was not entitled to recover on the weakness of his adversary's title, but on the strength of his own. This is not a case where both parties claim title through a common source shown to be a valid title. Forrester was required to allege and prove that the title to the land had passed out of the United States government, in other words, to prove that the land was subject to private ownership, and that he was the true owner. Acoff v. Roman, 172 Miss. 141, 159 So. 555.

Reversed and judgment here for appellant.