SIMPSON *et al. v.* RICKETTS *et al.*

(Division B. Feb. 13, 1939. Suggestion of Error Overruled April 30, 1939.)

[186 So. 318. No. 33534.]

**L. F. Easterling** and **J. E. Skinner,** both of Jackson, for appellants.

**S. G. Salter,** of Hazelhurst, for appellants.

Clements & Clements, of Rolling Fork, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellants, Mrs. Ernestine Simpson, and her three daughters, Mrs. Cade, Mrs. Montgomery, and Miss Katherine Simpson, filed their bill in the chancery court of Issaquena County against appellees, C. H. Ricketts and Johnnie Brown, to confirm their claim of title to 165.27 acres of land in that county (described in the bill), alleging that each had a one-fourth undivided interest therein, and to recover rents for its use, and for partition, and to that end a tax deed to appellee Brown to the land, and a conveyance by him to appellee Ricketts be cancelled. The cause was heard on bill, answer and proofs, resulting in a decree dismissing the bill, from which decree appellants prosecute this appeal.

The questions involved are: (1) Whether appellants' deraignment of title in their bill from the government down to the tax deed was established. (2) Whether the tax sale under which appellee Ricketts claimed title was void. (3) Whether the chancery court was without jurisdiction because appellants had a plain and adequate remedy provided by statute. (4) Whether appellee Ricketts, at the time of his purchase from appellee Brown, on account of his tenancy of the land, under appellants, was estopped from acquiring title. We will consider these questions in the order stated.

That appellants deraigned their title from the government down to the tax deed is not questioned; the contention is that they were put upon proof of their title

by the answer, and failed therein. The answer denied appellants' chain of title by general traverse only. It did not set out any specific defect in the title. Sec. 380 of the Code of 1930 is in this language: "The defendant shall answer fully all the allegations of the bill without being specially interrogated. All matters of fact averred in the bill and not denied by the answer otherwise than by the general traverse, may be taken at the hearing as admitted."

Under the statute each conveyance set out in the chain of title became an interrogatory to appellees, which they were required to severally and fully answer. Miss. Chancery Practice (Griffith), secs. 348 and 349. They failed to do so. Appellants' chain of title therefore was confessed.

We are of the opinion that the contention that the tax sale was void because the assessment under which it was made was void has not sufficient merit to call for discussion, except to state that although the orders and resolutions of boards of supervisors dealing with assessment rolls, notice, etc., must set forth the jurisdictional facts, they are not required to set out the evidence constituting such facts. Pettibone v. Wells, 181 Miss. 425, 179 So. 336; Martin v. Board of Supervisors, 181 Miss. 363, 178 So. 315; Rawlings v. Ladner, 174 Miss. 611, 165 So. 427. Those involved here complied with that requirement. Nor is there any merit in the contention that in making the sale the sheriff failed to comply with Sec. 3249 of the Code of 1930.

Going now to the question of the jurisdiction of the chancery court: Sec. 3264 of the Code follows: "The owner, or any person for him with his consent, or any person interested in the land sold for taxes, may redeem the same, or any part of it, where it is separable by legal subdivisions of not less than forty acres, or any undivided interest in it, at any time within two years after the day of sale, by paying to the chancery clerk, regardless of the amount of the purchaser's bid at the

tax sale, the amount of all taxes for which the land was sold, with all costs incident to the sale, and twenty-five per centum on the amount of taxes for which it was sold and all costs, and all taxes and costs that have accrued on the land since the sale, and, in the case of land sold to individuals, an additional five per centum on the whole amount of the redemption money which said five per centum shall be paid to the purchaser; saving to infants and persons of unsound mind whose land may be sold for taxes, the right to redeem the same within two years after attaining full age or being restored to sanity, from the state or any purchaser thereof, on the terms herein prescribed, and on their paying the value of any permanent improvements on the land made after the expiration of two years from the date of the sale of the lands for taxes. Upon such payment to the chancery clerk as hereinabove provided, he shall execute to the person redeeming the land a release of all claim or title of the state or purchaser to such land, which said release shall be attested by the seal of the chancery clerk and shall be entitled to be recorded without acknowledgment, as deeds are recorded; and which release when so executed and attested shall operate as a quit claim on the part of the state or purchaser of any right or title under said tax sale.''

The land was sold for taxes in April, 1930, and purchased by appellee Brown. In 1934, he conveyed it to appellee Ricketts. At the time of the tax sale, the mother, Mrs. Simpson, was an adult and had been for some time. The daughters, the other three appellants, were minors, and at the time of the filing of the bill in this cause in July, 1937, two years had not expired since any of them had attained full age. They, therefore, had the right to redeem their interest in the land. The question is whether in doing so, they were confined to the statutory method laid down by section 3264, or had the right to resort to the chancery court, which resolves itself into the question whether or not under the facts of this particular

case the statute furnishes an adequate remedy. We are of the opinion that question must be answered in the negative. Cuevas v. Cuevas, 145 Miss. 456, 110 So. 865; Swalm v. Sauls, 141 Miss. 515, 106 So. 775. The addition to the latter part of section 3264, made by the Legislature since those decisions, has no material bearing on the question of the jurisdiction of chancery. We have here involved the questions above set out, and as a part thereof the questions of improvements and rents and partition, and there could be involved in such a case the question when the person or persons seeking to redeem, who were minors when the tax sale was made, reached their majority. By adequate remedy is meant that the remedy must "be clear, complete, and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity." 21 C. J. 50, section 27.

Appellee Ricketts was estopped to assert any title against appellants during his tenancy under them, which was acquired during such tenancy. The facts out of which this question arises are as follows: As stated, the tax sale took place in April, 1930, therefore the two-year period for redemption expired in April, 1932. The evidence showed that appellants leased the land to appellee Ricketts for the years 1931 to 1934, inclusive; that he thereupon went into the possession and use of it, and paid the agreed rent for all those years, except 1934, and further that in 1934 when he purchased from appellee Brown he was still in possession under that lease. A tenant who acquires the interest of a purchaser of land at a tax sale made before the beginning of his tenancy can only assert his claim of title against the landlord after surrendering possession to the landlord pursuant to the rental contract. Johnson v. Langston, 179 Miss. 622, 176 So. 531. We are of the opinion that decision controls as to the rights of appellant Mrs. Simpson and appellee Ricketts as between each other.

It results from what has been said that the decree ap-

pealed from is reversed and the cause remanded to be proceeded with in accordance with this opinion.

Reversed and remanded.