JAMES *et ux. v.* SHAFFER.

(In Banc.   Nov. 24, 1947.   Suggestion of Error Overruled Mar. 8, 1948.)

[32 So. (2d) 749.   No. 36588.]

**Smith & Jones**, of Cleveland, for appellants.

**W. W. Simmons** and **A. D. Somerville**, both of Cleveland, for appellee.

**McGehee, J.**, delivered the opinion of the court.

On May 16, 1944, the appellee Elisha Shaffer leased from the appellants Will James and his wife Hattie James, as the owners thereof, a certain house and lot which had been sold on April 3, 1944, to the Tax Investment Company for delinquent taxes due for the preceding year. Appellee paid the rent of $10 per month in advance as the same became due and payable, until April 16, 1946,

He thereupon discontinued his payments for the reason that the tax title of the purchaser at the said tax sale had matured a few days prior thereto, and the appellee had been notified thereof. Then, on April 26, 1946, he bought the tax title from the purchaser at the tax sale, and remained in possession of the leased premises until February 11, 1947, before surrendering the same to appellants, after demand made by them for the payment of the rent then in arrears, and herein sued for.

The suit for the rent thus accruing while the appellee was in possession of the premises resulted in a judgment of non-liability therefor, and this appeal is prosecuted by the lessors.

It is well settled in this State and in most other jurisdictions, that a tenant may acquire during his tenancy the landlord's title to the leased premises where the latter has lost the same under a tax sale made prior to the beginning of the tenancy. Walker v. Harrison, 75 Miss. 665, 23 So. 392; Johnson v. Langston, 179 Miss. 622, 176 So. 531; Simpson v. Ricketts, 185 Miss. 280, 186 So. 318; Johnson v. Carter, 193 Miss. 781, 11 So. (2d) 196; McKay v. Shaffer, 202 Miss. 558, 32 So. (2d) 746; 32 Am. Jur., Sec. 114, p. 119; 51 C. J. S., Landlord and Tenant, Sec. 276, sub-sec. c. But it is equally well settled that a tenant may not *assert* such title so acquired during his tenancy until he shall have first surrendered possession of the leased premises to his landlord under the contract of tenancy. Johnson v. Langston, supra; Simpson v. Ricketts, supra; 32 Am. Jur., Sec. 101, p. 108; and 51 C. J. S., Landlord and Tenant, Sec. 266.

The estoppel of the tenant to deny the title of the landlord without surrendering possession of the leased premises has relation generally to its status at the time of the creation or inception of the tenancy, and does not preclude the tenant from *acquiring* during his tenancy the title which was held by the landlord at the beginning thereof. But he is estopped while in possession of the leased premises to *assert* such title. He may show, after the

surrender of his possession under the contract of tenancy, that the landlord's title has passed by operation of law to another, or that the landlord himself has transferred it without reserving the rent, or that it has been sold at execution or under a foreclosure sale, and that he has attorned to the true owner for the rent, or has acquired such title from the purchaser at any such sale. Wolf v. Johnson, 30 Miss. 513; Melchor v. Casey, 173 Miss. 67, 161 So. 692; 32 Am. Jur., Sec. 114, p. 119; 51 C. J. S., Landlord and Tenant, Sec. 276. The case of Love v. Law, 57 Miss. 596, is one where the tenant sought to assert title in a third person which had been completely acquired prior to the beginning of the tenancy, and for that reason is to be distinguished to that extent from the cases of Johnson v. Langston, and Simpson v. Ricketts, supra, but the rule is the same as to when such title may be asserted.

In the instant case the appellee Shaffer was notified by the attorney for the Tax Investment Company shortly after April 9, 1946, that it had acquired as purchaser at the tax sale the title formerly held by the appellants Will James and wife, but the said tenant did not attorn to this purchaser at the tax sale for the rent, nor was he disturbed or threatened to be disturbed in his possession, but merely accepted the offer of the tax title purchaser to sell the leased premises to him, and continued in possession of the premises until February 11, 1947, as hereinbefore stated. In the case of Galloway et al. v. Inglis, 138 Miss. 350, 103 So. 147, 149, it is said: "The mere existence of an outstanding title which is paramount to that of his landlord is no defense by a tenant to an action for rent, since there must be an ouster or disturbance by means of it to amount to an eviction." And it is stated in 32 Am. Jur., Sec. 479, page 392, that: "The rule that in order for the tenant to be entitled to assert a constructive eviction, he must abandon the premises, applies where the tenant seeks to assert a constructive eviction as a defense to an action for rent. The great weight of authority is to the effect that in order for the

lessee to rely upon constructive eviction as a ground for avoiding payment of the rent contracted for, he must surrender or abandon the leased premises. If the tenant makes no surrender of the possession, but continues to occupy after the commission of the acts which would justify him in leaving, he will be deemed to have waived his right to abandon. It would be unjust to permit the tenant to remain in possession and then escape the payment of rent by pleading a state of facts which, although conferring a right to abandon, had been unaccompanied by the exercise of that right.'' See also 51 C. J. S., Landlord and Tenant, Sec. 271, where it is recognized that the estoppel of the tenant while in possession may be asserted in an action for rent.

The surrender of possession is required in order to terminate the estoppel. After the tenancy has been thus terminated the tenant may assert any title he has to the land in a proper proceeding therefor; but since the tenant in the case at bar remained in possession from April 1946 to February 11, 1947, he was not in position when the rental became due each month to assert his own title, although it may have been a good and valid one, as against his landlord, and he is therefore liable for the rent which accrued each month during the continuance of his possession, under the principle announced in Johnson v. Langston, and Simpson v. Ricketts, supra.

A recovery of the rent in the total sum of $100 in favor of the appellants as landlords was denied by the judgment of the trial court, and the same must be reversed for the reasons hereinbefore stated.

Reversed and judgment here for the appellants.