McKay *et al. v.* Shaffer.

(In Banc.  November 24, 1947.)

[32 So. (2d) 746.  No. 36589.]

**Smith & Jones**, of Cleveland, for appellants.

**W. W. Simmons** and **A. D. Somerville**, both of Cleveland, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Except for the tax sale, the lot involved was and is the property of one James. It was assessed for the year 1943 to James, but the taxes for the year were not paid and the lot was sold at the tax sale of April 3, 1944, to the Tax Investment Company. On May 16, 1944, appellee went into possession as the tenant of James. The tax title having matured in the Tax Investment Company, the said tax purchaser conveyed the lot to appellee on April 26, 1946. On February 11, 1947, appellee vacated the the premises and surrendered ꞌfull possession thereof to James. On March 10, 1947, under a lease from James appellants went into possession, and on March 12, 1947, appellee instituted his action of unlawful entry and detainer against appellants the parties then in possession.

Appellants contend that because appellee was a tenant of James at the time appellee acquired his tax title from the tax purchaser, he·cannot assert his said title as the foundation for his action in unlawful entry and detainer against appellants, the present tenants of James. Appellee was not a tenant of·James at the time of the tax sale and therefore was not precluded from acquiring the tax title, but he was estopped or precluded from asserting it during the continuance of his tenancy. Johnson v. Langston, 179 Miss. 622, 176 So. 531; Simpson v. Ricketts, 185 Miss. 280, 186 So. 318.

But appellee surrendered possession to James on February 11, 1947, and thereupon and thereafter he was not precluded from the assertion of his tax title although obtained from the tax purchaser during the tenancy. The rule is correctly stated in 51 C. J. S., Landlord and Tenant, Sec. 274(3), as follows: "The surrender of possession by the tenant to the landlord terminates the estoppel. After the tenancy has been thus terminated, the tenant may assert a paramount title, whether acquired before the relation of landlord and tenant was entered into, or during the tenancy." Let it again be noted that appellee was not

a tenant at the time of the tax sale, so that what we are saying here is not addressed to a case of that kind.

Appellant contends that appellee could not stand upon his tax title without proof that the title to the land has passed out of the government and was therefore subject to taxation, and, this is the rule in any case where it is necessary to the maintenance of his action that the plaintiff or complainant shall show actual title in himself. Acoff v. Roman, 172 Miss. 141, 159 So. 555. But title is not primarily involved in an action of unlawful entry and detainer, that action being possessory only, and all that the plaintiff is required to show in such an action is that he brings himself strictly within the terms of the statute which allows the action to him. The statute, Section 1034, Code 1942, reads as follows:

"The purchaser of land at a sale for taxes, or his vendee, after two years from the date of the sale for taxes, and within three years from such date, may bring the action of unlawful detainer, for the recovery of possession of the land; and a judgment in his favor in the action shall be a bar to any action in any court brought after one year from the date of such judgment, to controvert the tax title to the land, saving the rights of infants and persons of unsound mind to redeem the same."

All that the plaintiff is required to show under that statute is that he has a tax deed to the property and that he has brought his action to recover the possession thereof after two years, but before three years, from the date of the tax sale. The validity of the tax deed is not involved, unless, of course, the tax deed is void on its face, in which case it would not be a tax deed at all, but only a meaningless piece of paper. If the tax deed is good on its face, any question about its validity is to be tested, not in the special court of unlawful entry and detainer, but in a proper suit in a superior court.

Both sides have discussed Sistrunk v. Majure, 186 Miss. 814, 192 So. 5, 6. That action was not brought under Section 3457, Code 1930, now Section 1034, Code 1942, for

the reason that it was not instituted within three years from the date of the tax sale, as must be done when the latter section is invoked. What therefore was involved in Sistrunk v. Majure was Section 3456, Code 1930, now Section 1033, Code 1942, and about all that was said in that case which would be pertinent here was in the two sentences that "the action of unlawful entry and detainer is statutory and the statutes authorizing the remedy are strictly construed because they are in derogation of the common law. The action is merely one for the possession of the land and does not involve the title thereto."

Finally appellants contend that no notice to vacate the premises was given to them before the action was instituted. The testimony shows that there was no sort of contractual relations between appellee and the appellants, express or implied. Appellee had surrendered possession to James, his landlord, and the latter through his agent had put appellants in possession, a transaction with which appellee had had nothing whatever to do. Appellee having had no contractual relation with appellants, he was under no duty to give them notice to vacate. The relationship of landlord and tenant did not exist between them. Appellants were not so much as licensees so far as appellee was concerned, and a licensee is not entitled to notice to quit. Johns v. McDaniel, 60 Miss. 486.

Appellee has taken a cross-appeal from the refusal of the court to allow him double rent from the date of the institution of the action, it being the contention of appellee that the summons to the action is the equivalent of a notice to quit, entitling him to double rent thereafter. There can be no double rent in the absence of notice to quit. Graham v. Cauthen, 175 Miss. 751, 758, 168 So. 58. The filing of an action without previous notice is not such a notice as is contemplated by the penal statute of a double rent.

Affirmed on direct and on cross-appeal.